IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **THE NOCO COMPANY** )<br>30339 DIAMOND PARKWAY, #102 )<br>GLENWILLOW, OHIO 44139 ) | CASE NO: |
| ) | |
| Plaintiff, ) | JUDGE: |
| v. ) | |
| ) | |
| **SHENZHEN DINGJIANG TECHNOLOGY** )<br>**CO., LTD. D/B/A TOPDON** )<br>HUAFENG BAO'AN ZHIGU INNOVATION )<br>PARK YINTIAN 4TH RD., XIXIANG, BAO'AN )<br>DIST. SHENZHEN CHINA 518000 ) | |
| ) | |
| AND ) | |
| ) | |
| **USA TOPDON LLC D/B/A TOPDON** )<br>8 THE GREEN, SUITE A, )<br>DOVER, KENT, DE, 19901 ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**
**(JURY DEMAND ENDORSED HEREIN)**

Plaintiff The NOCO Company d/b/a NOCO ("*Plaintiff*" or "*NOCO*") by and through counsel, and for its Complaint against Defendants Shenzhen Dingjiang Technology Co., Ltd. d/b/a TOPDON ("*TOPDON China*") and USA TOPDON LLC d/b/a TOPDON ("*TOPDON USA*") (together, "*Defendants"* or "*TOPDON*"), states as follows:

**INTRODUCTION**

1. TOPDON is willfully infringing upon NOCO's intellectual property in connection with the sales of its competing products in Ohio and the United States of

America. These infringing activities are illegal, and have harmed, and will continue to harm, NOCO.

## PARTIES

2. NOCO is an Ohio corporation engaged in the design, manufacture, and sale of battery chargers, portable power devices, and battery products and accessories.

3. TOPDON CHINA is a corporation organized under the laws of China and engaged in the design, manufacture and sale of battery chargers and jump starters under the brand name "TOPDON".

4. TOPDON USA is a Delaware corporation engaged in the sale of battery chargers and jump starters under the brand name "TOPDON".

5. TOPDON USA is merely a sales division of TOPDON CHINA.

6. TOPDON USA and TOPDON China do not possess distinct corporate identities, do not maintain corporate formalities, and operate as one entity under common ownership, management, and direction.

7. TOPDON USA and TOPDON China are working in concert to sell products, using NOCO's proprietary intellectual property in connection with such sales, without the authority or consent of NOCO.

## JURISDICTION/VENUE

8. This Court has original subject matter jurisdiction over NOCO's patent and copyright claims pursuant to 28 U.S.C. § 1338(a).

9. This Court also has original jurisdiction over NOCO's unfair competition claims, pursuant to 28 U.S.C. § 1338(b), because they are joined with NOCO's substantial and related patent infringement and copyright claims.

10. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over NOCO's remaining claims because they form part of the same case or controversy as NOCO's substantial and related patent infringement and copyright claims.

11. Pursuant to Ohio Revised Code Section 2307.382, this Court has personal jurisdiction over TOPDON because, among other reasons, TOPDON regularly solicits and transacts business, supplies goods, and has caused tortious injury in the State of Ohio, knowing that NOCO would be harmed here.

12. Additionally, TOPDON China is subject to this Court's exercise of personal jurisdiction by operation of Fed. R. Civ. P. 4(K)(2).

13. Due process is also satisfied as to TOPDON because they have purposely availed themselves of this forum by: operating a fully interactive commercial website, operating Amazon.com's platform interactively as a third party seller, offering products for sale in Ohio, shipping products into Ohio, and tortiously harming NOCO in Ohio, knowing that NOCO would be harmed here.

14. NOCO's claims arise from TOPDON's forum-related activity, including its infringing marketing, sales, and shipments into the forum, which are directly relevant to NOCO's cause of action.

15. Jurisdiction is reasonable because of TOPDON's purposeful availment of this forum and relevance of TOPDON's forum contacts.

16. This Court may lawfully exercise personal jurisdiction over both TOPDON China and TOPDON USA if the Court determines that it possesses jurisdiction over either, because they are alter egos for purposes of jurisdiction.

17. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the infringing sales were made in Ohio, and further because the affected intellectual property is the property of NOCO, an Ohio company, and TOPDON can be said to have reached into this forum to take NOCO's intellectual property.

## THE COPYRIGHT

18. NOCO registers certain of its original works, including marketing materials, as copyrights.

19. At issue here is NOCO's federally registered copyright "Boost in Hand" with Registration Number VAu001314169 (the "*Copyrighted Image*").



*Figure 1: The Copyrighted Image.*

20. NOCO registered the Copyrighted Image on November 8, 2017 and has used it extensively in promoting its jump starter products throughout the United States and globally.

## THE COPYRIGHT INFRINGEMENT

21. TOPDON subsequently created and displayed a derivative, infringing marketing image for its TOPDON TORDNADO1200 Jump Starter (the "*Offending Image*"), shown in the figures below.



*Figure 2: The Offending Image, collected from TOPDON's Amazon product listing for the Car Battery Charger Trickle Charger Automotive, TOPDON TORNADO1200 6V 12V 1.2 Amp Fully Automatic Smart Battery Charger & Maintainer Desulfator with Temperature Compensation. Available at https://www.amazon.com/dp/B076DF4MNX (Last Accessed July 23, 2021).*



*Figure 3: A side-by side presentation of the Copyrighted Image and the Offending Image.*

## THE PATENT

22. In addition to its copyright, NOCO protects certain elements of its product designs by securing design patents to prevent competitors from adopting NOCO's unique product design elements.

23. United States Design Patent Number D867,985 (the "***'985 Patent***", entitled "Combination Jump Starter and Display," was duly and legally issued on November 26, 2019. A true and correct copy of the '985 Patent is attached hereto as Exhibit 1.

24. The '985 Patent claims the ornamental design as shown and described in the patent.

25. NOCO is the owner of the entire right title, and interest in the '985 Patent.

26. NOCO regularly monitors the marketplace and has identified TOPDON's infringement of the '985 Patent.

## THE PATENT INFRINGEMENT

27. TOPDON has created a product display that infringes upon NOCO's '985 Patent.

28. TOPDON has created a display for its TOPDON TORDNADO1200 Jump Starter which infringes the '985 Patent, as shown in Figure 4, below.



*Figure 4: A side-by-side comparison of the '985 Patent's claimed design and the infringing TOPDON Display.*

29. An ordinary observer or purchaser would find the overall design of the '985 Patent and the TOPDON TORDNADO1200 Jump Starter Display to be substantially similar and mistakenly purchase the TOPDON TORDNADO1200 Jump Starter.

30. For example, the TOPDON TORDNADO1200 Jump Starter Display features a human hand in a similar configuration gripping a jump starter product of the same orientation, shape, and size.

**Count One**
**Declaratory Judgment/Injunctive Relief**

31. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

32. An actual and justiciable controversy exists between NOCO and TOPDON related to whether TOPDON has the right to use the Copyrighted Image and the '985 Patent without NOCO's consent and in violation of NOCO's rights in the same.

33. The Court, pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, should declare that TOPDON has no right or authorization to use or copy the Copyrighted Image and the '985 Patent, as these actions have harmed and continue to harm NOCO in an amount to be determined at trial.

34. Such a declaration is proper, pursuant to U.S.C. § 2201(a), because it would terminate an "actual controversy" between the parties and declare NOCO's rights with respect to these issues.

## Count Two
### Ohio Deceptive Trade Practices (O.R.C. § 4165.02)

35. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

36. NOCO is the owner of the '985 Patent and the Copyrighted Image (together, the "***Intellectual Property***").

37. The Intellectual Property is well known and distinctive within the battery and battery charging industry.

38. TOPDON's unauthorized use of and derivations from the Intellectual Property is causing damage to NOCO by blurring and tarnishing the reputation and goodwill associated with the Intellectual Property in violation of 15 U.S.C. § 1125(c).

39. As a result, NOCO has suffered damages and will continue to suffer damages in an amount to be proven at trial.

## Count Three
### Unfair Competition

40. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

41. TOPDON unfairly competes with NOCO through its authorized use of the Intellectual Property.

42. TOPDON's actions have damaged NOCO in the form of, *inter alia*, lost sales, harm to reputation, and tarnishment.

43. As a direct and proximate cause of TOPDON's conduct, NOCO has suffered and will continue to suffer damages in an amount to be proven at trial.

## Count Four
### Copyright Infringement

44. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

45. NOCO owns the valid copyright in the Copyrighted Image.

46. TOPDON created the Offending Image by mimicking the Copyrighted Image, making it a derivative work.

47. Only NOCO, as the owner of the copyright in the Copyrighted Image has the right to create works derivative therefrom.

48. TOPDON's Offending Image, derived from the Copyrighted Image, remains substantially similar to the original.

49. Accordingly, AUTOGEN has infringed upon NOCO's rights in the Copyrighted Image.

50. In addition to TOPDON's direct infringement, it has contributed to or caused infringement of the Copyrighted Image by others.

51. TOPDON distributed or enabled distribution by publishing the Offending Image and caused, induced, or materially contributed to the display and publication of the Offending Image by TOPDON's partners, distributors, or resellers.

52. TOPDON is and was aware of the infringing activity, or has remained willfully blind thereto.

53. As a direct and proximate cause of TOPDON's conduct, NOCO has suffered and will continue to suffer damages in an amount to be proven at trial.

<strong><u>Count Five</u></strong><br><strong>Patent Infringement</strong>

54. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

55. NOCO is the owner of the '985 Patent.

56. NOCO's Patent is valid and subsisting.

57. TOPDON has been, and is, infringing the '985 Patent by making the accused display, in violation of 35 U.S.C. §271(a).

58. TOPDON's infringement has been, and continues to be, knowing, intentional, and willful. This case is exceptional and, therefore, NOCO is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

59. TOPDON's infringement has caused and will continue to cause NOCO damages for which NOCO is entitled to a reasonable royalty pursuant to 35 U.S.C. § 284 or TOPDON's profits pursuant to 35 U.S.C. §289.

60. TOPDON's acts of infringement of the '985 Patent has caused and will continue to cause NOCO immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. NOCO has no adequate remedy at law.

**WHEREFORE,** Plaintiff prays for judgment as follows:

A. As to Count One, a declaratory judgment declaring that TOPDON is unauthorized to use the Trademark, and permanently enjoining TOPDON from any further use of the Intellectual Property;

B. As to Count Two, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as NOCO's attorney's fees and costs, disgorge TOPDON of their profits from all infringing sales, and permanently enjoin TOPDON from using the Intellectual Property in violation of O.R.C. § 4165.02;

C. As to Count Three award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as NOCO's attorney's fees and costs, disgorge TOPDON of the proceeds from their infringing sales, and permanently enjoin TOPDON from unfairly competing with NOCO by using the Intellectual Property;

D. As to Count Four, award statutory damages and compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as NOCO's attorney's fees and costs, disgorge TOPDON of the proceeds from their infringement, and permanently enjoin TOPDON from unfairly competing with NOCO by using the Copyrighted Image or any derivative work, including the Offending Image; and

E. As to Count Five, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, such award to be increased up to three times the actual amount assessed, plus pre-judgment and post-judgment interest and costs, as well as NOCO's attorney's fees and costs, disgorge TOPDON of the proceeds from their infringing sales, and permanently enjoin TOPDON from infringing, contributing to the infringement of, or inducing infringement of the '985 Patent.

        Respectfully submitted,

        **KOHRMAN JACKSON & KRANTZ LLP**

        */s/ Alexander M. Welsh*
        JON J. PINNEY (0072761)
        DEREK P. HARTMAN (0087869)
        ALEXANDER M. WELSH (0096880)
        ANNA E. BULLOCK (0100008)
        One Cleveland Center, 29th Floor
        1375 East Ninth Street
        Cleveland, Ohio 44114
        Phone: 216-696-8700
        Fax: 216-621-6536
        Email: jjp@kjk.com; dph@kjk.com
        amw@kjk.com; aeb@kjk.com
        *Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38.

        */s/ Alexander M. Welsh*
        ALEXANDER M. WELSH