IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE NOCO COMPANY, | Case No.: 1:21-cv-01483 |
| Plaintiff, | |
| | JUDGE DAN AARON POLSTER |
| vs. | Magistrate Judge William H. Baughman, Jr. |
| SHENZHEN DINGJIANG TECHNOLOGY CO., LTD. D/B/A TOPDON | **DEFENDANTS' MOTION TO DISMISS** |
| AND | |
| USA TOPDON LLC D/B/A TOPDON, | |
| Defendants. | |

Defendants Shenzhen Dingjiang Technology Co., Ltd. D/B/A Topdon and USA Topdon LLC D/B/A Topdon (collectively, "Topdon" or "Defendants") respectfully submit this Motion to Dismiss and Memorandum of Law in Support of their Motion to Dismiss the Complaint filed by Plaintiff The Noco Company ("Noco").  The facts relevant to this motion are set forth in the accompanying declaration of Joelle A. Milov ("Milov Decl.").

Respectfully submitted,

*s/Michael N. Ungar*
Michael N. Ungar (0016989)
Halden R. Schwallie (0093665)
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
Phone: (216) 583-7000
Facsimile: (216) 583-7001
E-mail: mungar@ulmer.com
Email: hschwallie@ulmer.com

*Attorneys for Defendants Shenzhen Dingjian Technology Co., Ltd. D/B/A Topdon and USA Topdon LLC D/B/A Topdon*

Richard S. Mandel (Admitted Pro Hac Vice)
Joelle A. Milov (Admitted Pro Hac Vice)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street, 21st Floor
New York, New York
Phone: (212) 790-9200
Facsimile: (212) 575-0671
E-mail: rsm@cll.com
Email: jam@cll.com

*Attorneys for Defendants Shenzhen Dingjian Technology
Co., Ltd. D/B/A Topdon and USA Topdon LLC D/B/A
Topdon*

2

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF ISSUES TO BE DECIDED .......................................................................v

SUMMARY OF THE ARGUMENT ..................................................................................... vi

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ......................................................1

PRELIMINARY STATEMENT ...............................................................................................1

LEGAL STANDARD ...........................................................................................................4

ARGUMENT ......................................................................................................................5

    I.    NOCO'S DESIGN PATENT CLAIM SHOULD BE DISMISSED BECAUSE THE TOPDON IMAGE DOES NOT INFRINGE THE D985 PATENT AS A MATTER OF LAW.......................................................5

        a.    The Differences in the Parties' Articles of Manufacture Preclude Noco's Design Patent Claim.............................................5

        b.    No Ordinary Observer Would Believe that the Topdon Jump Starter and Hand, as Seen in the Topdon Image, Were the Same as the Display Embodied in the D985 Patent...............................8

    II.    NOCO'S STATE LAW, TRADEMARK-BASED CLAIMS SHOULD BE DISMISSED BECAUSE NOCO HAS NO VALID TRADE DRESS AND HAS NOT AND CANNOT ADEQUATELY ALLEGE DILUTION. ...............................................................................................11

        a.    Noco Has Not Adequately Alleged That It Owns a Valid Trade Dress. .......................................................................................11

            i.    Noco Has Failed to Specifically Identify Its Trade Dress. ............11

            ii.    Noco Has Failed to Plead that Its Alleged Trade Dress Has Acquired Secondary Meaning or Is Not Functional...............15

        b.    Noco Has Not and Cannot Allege A Cognizable Trademark Dilution Claim. .......................................................................16

    III.    NOCO'S COPYRIGHT CLAIM FAILS BECAUSE THE TOPDON IMAGE IS NOT SUBSTANTIALLY SIMILAR TO THE PROTECTABLE ELEMENTS OF THE NOCO IMAGE. ...................................17

CONCLUSION.................................................................................................................20

CERTIFICATE OF COMPLIANCE......................................................................................21

CERTIFICATE OF SERVICE .............................................................................................21

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Anderson v. Kimberly-Clark Corp.,
  570 F. App'x 927 (Fed. Cir. 2014) ........................................................................9

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)............................................................................................4

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007)........................................................................................4, 15

Best v. AT&T Mobility LLC,
  12-cv-564, 2015 U.S. Dist. LEXIS 30866 (S.D. Ohio Mar. 12, 2015)...................11

Boarding Sch. Review, LLC v. Delta Career Educ. Corp.,
  11-cv-8921, 2013 U.S. Dist. LEXIS 48513 (S.D.N.Y. Mar. 29, 2013)..................17

Colida v. Nokia, Inc.,
  347 F. App'x 568 (Fed. Cir. 2009) ........................................................................9

Curver Lux., SARL v. Home Expressions Inc.,
  928 F.3d 1334 (Fed. Cir. 2019)............................................................................7

Egyptian Goddess, Inc. v. Swisa, Inc.,
  543 F.3d 665 (Fed. Cir. 2008)..............................................................................8

Ethicon Endo-Surgery, Inc. v. Covidien, Inc.,
  796 F.3d 1312 (Fed. Cir. 2015)............................................................................8

Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,
  499 U.S. 340 (1991)..........................................................................................17

GMC v. Lanard Toys, Inc.,
  468 F.3d 405 (6th Cir. 2006) ..................................................................12, 13, 15

Gordon v. McGinley,
  99 U.S.P.Q.2d 1846 (S.D.N.Y. 2011), 502 Fed. Appx. 89 (2d Cir. 2012) .............20

Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.,
  58 F.3d 27 (2d Cir. 1995)...................................................................................15

Kassa v. Detroit Metro Convention & Visitors Bureau,
  672 Fed. Appx. 575 (6th Cir. 2017)......................................................................15

Kellman v. Coca-Cola Co.,
    280 F. Supp. 2d 670 (E.D. Mich. 2003)............................................................8, 9

Kohus v. Mariol,
    328 F.3d 848 (6th Cir. 2003) .......................................................................17

Landscape Forms, Inc. v. Columbia Cascade Co.,
    113 F.3d 373 (2d Cir. 1997)......................................................................12, 13

Lathan v. Nixon,
    No. 20-CV-2261, 2021 WL 351730 (N.D. Ohio Feb. 2, 2021)........................4

Lexmark Int'l, Inc. v. Static Control Components, Inc.,
    387 F.3d 522 (6th Cir. 2004) .......................................................................18

Mazer v. Stein,
    347 U.S. 201 (1954).........................................................................................17

Mike Vaughn Custom Sports, Inc. v. Piku,
    15 F. Supp. 3d 735 (E.D. Mich. 2014)......................................................11, 12, 13

Morando v. Pyrotek, Inc.,
    12-cv-1264, 2013 U.S. Dist. LEXIS 40139 (N.D. Ohio Mar. 11, 2013)..................5

Moses v. YouTube, Inc.,
    12-cv-2822, 2013 U.S. Dist. LEXIS 185014 (W.D. Tenn. Sept. 23, 2013) ............16

Nat'l Lighting Co. v. Bridge Metal Indus., Inc.,
    601 F. Supp. 2d 556 (S.D.N.Y. 2009)............................................................12

OddzOn Prods., Inc. v. Just Toys, Inc.,
    122 F.3d 1396 (Fed. Cir. 1997).................................................................9, 10

P.S. Prods. v. Activision Blizzard, Inc.,
    140 F. Supp. 3d 795 (W.D. Ark. Feb. 21, 2014)...............................................7, 9

Pendleton Woolen Mills, Inc. v. Round Up Ass'n,
    11-cv-592, 2012 U.S. Dist. LEXIS 94502 (D. Oregon July 9, 2012).....................16

Rentmeester v. Nike, Inc.,
    883 F.3d 1111 (9th Cir. 2018) ...................................................................18, 19

Rudd v. City of Norton Shores, Michigan,
    977 F.3d 503 (6th Cir. 2020) .........................................................................4

Sara Designs, Inc. v. A Classic Time Watch Co.,
    234 F. Supp. 3d 548 (S.D.N.Y. 2017)...........................................................11

Smith v. Bd. Of Trs. Lakeland Cmty. Coll.,
    746 F. Supp. 2d 877 (N.D. Ohio 2010)..................................................................4, 5

Stromback v. New Line Cinema,
    384 F.3d 283 (6th Cir. 2004) ...........................................................................17, 18

Taylor v. Metro-Goldwyn-Mayer Studios,
    115 F. Supp. 156 (S.D. Cal. 1953)..........................................................................18

TrafFix Devices, Inc. v. Mktg. Displays, Inc.,
    532 U.S. 23 (2001)..................................................................................................15

Vigil v. Walt,
    2000 U.S. App. LEXIS 6231 (Fed. Cir. Apr. 5, 2000) ............................................8

Vigil v. Walt Disney Co.,
    1998 U.S. Dist. LEXIS 22853 (N.D. Cal. Dec. 3, 1998) .........................................8

Wal-Mart Stores v. Samara Bros.,
    529 U.S. 205 (2000) ...............................................................................................15

Yurman Design, Inc. v. PAJ, Inc.,
    262 F.3d 101 (2d. Cir. 2001)........................................................................12, 13, 14

**Statutes**

Lanham Act........................................................................................................................11

Lanham Act § 43(a) ...........................................................................................................15

O.R.C. § 4165.02 ..........................................................................................................v, 11

**Court Rules**

Fed. R. Civ. P. 12(b)(6)...............................................................................................v, 1, 4, 9

iv

## **STATEMENT OF ISSUES TO BE DECIDED**

*Issue One*:     Whether this Court should dismiss the design patent claims under Fed. R.

Civ. P. 12(b)(6), where:

- The articles of manufacture at issue are very different; and

- No "ordinary observer" would believe that the Defendants' jump starter, as seen

  in the photographic advertisement, was the same as the display embodied in

  Plaintiff's design patent due to the significant differences in the designs.

*Issue Two*:     Whether Plaintiff's claims of Ohio Deceptive Trade Practices (O.R.C.

§ 4165.02) and common law Unfair Competition should be dismissed under Fed. R. Civ. P.

12(b)(6), where:

- Plaintiff has not alleged that it owns a valid trade dress, because it has not

  specifically identified its trade dress or alleged that its trade dress has acquired

  secondary meaning or is non-functional; and

- Plaintiff has not alleged a trademark dilution claim.

*Issue Three*:   Whether this Court should dismiss the copyright infringement claim under

Fed. R. Civ. P. 12(b)(6), where:

- Defendants' photograph is not substantially similar to the protectable elements in

  Plaintiff's photograph.

## **SUMMARY OF THE ARGUMENT**

This Court should dismiss Plaintiff's complaint in its entirety because each of Plaintiff's claims is not cognizable as a matter of law.  Plaintiff's design patent claim claims fail because Plaintiff's and Defendants' articles of manufacture are different, and because no "ordinary observer" would believe that Plaintiff's and Defendants' jump starters were the same. Additionally, Plaintiff's state law deceptive practices and unfair competition claims are subject to dismissal as a matter of law because Plaintiff has not alleged that it has a valid trade dress or averred facts to support the elements of a dilution claim.  Finally, Plaintiff's copyright claim should be dismissed because Defendants' photograph is not substantially similar to Plaintiff's photograph once the unprotectable elements are filtered out of Plaintiff's work.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint filed by The Noco Company ("Noco" or "Plaintiff") for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Noco and Topdon both operate within the battery industry and produce and market handheld jump starters that can be used in place of older and larger car battery chargers. Rather than engage in competition in the marketplace with Topdon, Noco instead alleges patently deficient claims in an effort to stifle legitimate competition. Notably, Topdon appears to be just the latest victim on Noco's litigious warpath—from 2019 to the present, Noco has flooded Ohio federal district courts with more than 200 lawsuits. Regardless, because Noco has failed to sufficiently state any cause of action, the Complaint must be dismissed.

Noco's U.S. Design Patent Number D867,985 ("D985 Patent") claims an "ornamental design for a combination jump starter and display." The D985 Patent is not a design patent for the ornamental design of the jump starter alone, nor is it a grant of protection for the idea of a hand holding a jump starter divorced from a particular article of manufacture. Rather, it claims a particular ornamental design for both a jump starter and display. Despite the limitations on the D985 Patent, Noco attempts to assert a design patent claim on the basis that Topdon, at one time, advertised its product in a photograph by having a model hold the Topdon jump starter in his or her hand. But the law does not recognize claims of design patent infringement for displaying an article with similar functionality in a different, artistic medium. Moreover, no ordinary observer would find that the Noco jump starter design claimed in the D985 Patent is "substantially the same" as the Topdon jump starter seen in the challenged Topdon image ("Topdon Image"):

Noco Jump Starter as Seen in Figure One from D985 Patent

Topdon Jump Starter as Seen in Topdon Image



FIG. 1



The fact that both the Noco and Topdon jump starters have been either manufactured or displayed in a mannequin's or model's hand is not sufficient to sustain a design patent claim. The Court should therefore dismiss Counts One (Declaratory Judgment/Injunctive Relief) and Five (Patent Infringement).

Noco's Ohio Deceptive Trade Practices ("ODTPA") and Unfair Competition state law claims, both based on alleged dilution of Noco's jump starter trade dress, fare no better than its design patent claim, and both should be dismissed. Noco does not have a federal trademark registration for its trade dress, and it has failed to plead that it owns a valid trade dress sufficient to allege common law trade dress rights. Specifically, Noco has failed to identify its trade dress with any specificity, and it has also failed to allege that its trade dress has acquired secondary meaning and is non-functional. Instead, Noco is improperly attempting to gain protection over the idea of a handheld jump starter, an attempt not countenanced within the product configuration trade dress case law. And even if Noco had sufficiently pleaded valid trade dress

rights, it has failed to plead that Topdon has diluted those rights by means of blurring or tarnishment.  For this reason, the Court must dismiss Counts Two (Ohio Deceptive Trade Practices) and Three (Unfair Competition).

Finally, Noco's copyright infringement claims should be dismissed because Noco's copyrighted image ("Noco Image") and the Topdon Image are not substantially similar as a matter of law:

Noco Image            Topdon Image

 

Copyright law does not protect an idea in general, but only the expression of that idea.  Once the idea of a model holding a jump starter is filtered out of the Noco and Topdon Images, the two works bear few similarities.  Instead, the Topdon Image differs greatly in terms of its compositional makeup, such as lighting, spacing, foreshortening, and coloration.  The Court should dismiss Counts One (Declaratory Judgment/Injunctive Relief) and Four (Copyright Infringement).

In sum, Noco has attempted to assert five different causes of action based on Topdon's use of the idea of marketing a handheld jump starter by displaying an image of a hand holding a jump starter.  But the bounds of design patent, trade dress, and copyright law are not so wide as

3

to allow for such claims.  Accordingly, the Court should dismiss the Complaint and ensure that Noco and Topdon compete within the marketplace rather than the courthouse.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a pleading must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  By contrast, a pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

The Court accepts well-pleaded facts in a complaint as true but disregards legal conclusions.  Rudd v. City of Norton Shores, Michigan, 977 F.3d 503, 511 (6th Cir. 2020).  The Court should dismiss, at the initial pleading stage, a complaint that fails to allege a claim upon which relief can be granted.  See, e.g., Lathan v. Nixon, No. 20-CV-2261, 2021 WL 351730, at *2 (N.D. Ohio Feb. 2, 2021) ("The allegations set forth in the plaintiff's complaint are so unclear, vague, and conclusory that they are insufficient to survive a Rule 12(b)(6) dismissal.").

> In ruling on a motion to dismiss, a court may consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice.

Smith v. Bd. Of Trs. Lakeland Cmty. Coll., 746 F. Supp. 2d 877, 889 (N.D. Ohio 2010).

4

<u>**ARGUMENT**</u>

I.   **NOCO'S DESIGN PATENT CLAIM SHOULD BE DISMISSED BECAUSE THE TOPDON IMAGE DOES NOT INFRINGE THE D985 PATENT AS A MATTER OF LAW.**

      a.   **The Differences in the Parties' Articles of Manufacture Preclude Noco's Design Patent Claim.**

Noco is the owner of the D985 Patent,[1] whose claim is limited to "[t]he ornamental

design for a combination jump starter and display," as seen in the figures below:



FIG. 1      FIG. 2      FIG. 3

FIG. 4      FIG. 5      FIG. 6      FIG. 7

---

[1] Although Noco did not attach a copy of the D985 Patent to its Complaint, the Court may consider it on this motion to dismiss.  <u>See</u> <u>Smith</u>, 746 F. Supp. 2d at 889; <u>see</u>, <u>e.g.</u>, <u>Morando v. Pyrotek, Inc.</u>, 12-cv-1264, 2013 U.S. Dist. LEXIS 40139, at *11, n. 1 (N.D. Ohio Mar. 11, 2013) (holding that court may consider patent and assignments on motion to dismiss subject to standard announced in <u>Smith</u>).  Defendants also submit a copy of the D985 Patent with their moving papers.  <u>See</u> Milov Decl., Ex. A.



In contrast, the Topdon Image, represents an advertisement with a model's right hand extending a handheld Topdon TORNADO1200 jump starter towards the viewer with prominent script stating, "Charge Dead Batteries: Force made: charging battery's voltage is below 1-Volt." Although characterized in the Complaint as a "product display," <u>e.g.</u>, Compl. ¶ 27, the Topdon Image reproduced in the Complaint represents a two-dimensional, photographic advertisement from a website:

6



Noco has not alleged (and cannot allege) that it was ever constituted as a three-dimensional display or a sale of the jump starter with a mannequin hand attached.  Topdon's article of manufacture is a jump starter, not a jump starter and display as claimed in the D985 Patent.

Noco's design patent claim is not cognizable because the Topdon Image is not an article of manufacture at all, and the D985 Patent does not grant Noco protection for the idea of showing a hand holding a handheld jump starter.  "[L]ong-standing precedent, unchallenged regulation, and agency practice all consistently support the view that design patents are granted only for a design applied to an article of manufacture, and not a design *per se* . . . ."  Curver Lux., SARL v. Home Expressions Inc., 928 F.3d 1334, 1340 (Fed. Cir. 2019).  As such, the coverage provided by the D985 Patent is for a particular embodiment of a combination mannequin hand clutching a jump starter.  The article of manufacture shown in the Topdon Image is a jump starter—the hand is that of a model, not a display mannequin subject to design patent protection.

Courts have not hesitated to grant motions to dismiss design patent claims where the articles of manufacture at issue were different.  See, e.g., P.S. Prods. v. Activision Blizzard, Inc., 140 F. Supp. 3d 795, 803 (W.D. Ark. Feb. 21, 2014) (granting motion to dismiss when plaintiff

brought design patent infringement claim on the basis of use of design for stun gun in video

game); <u>Kellman v. Coca-Cola Co.</u>, 280 F. Supp. 2d 670, 680 (E.D. Mich. 2003) (granting motion

to dismiss and stating that "[a]fter analysis, we do not find that the design of the hat as compared

to the t-shirts and bottlecaps to be substantially similar to cause confusion."); <u>Vigil v. Walt

Disney Co.</u>, 1998 U.S. Dist. LEXIS 22853, at *9-10 (N.D. Cal. Dec. 3, 1998) (granting motion to

dismiss when plaintiff brought design patent infringement claim on the basis of design for duck

call as compared to defendant's own duck call and keychain), <u>aff'd in relevant part</u>, 2000 U.S.

App. LEXIS 6231 (Fed. Cir. Apr. 5, 2000).  Plaintiff's claim that the Topdon Image infringes its

design patent in the D985 Patent should similarly be dismissed for the same reason.

> ### b. No Ordinary Observer Would Believe that the Topdon Jump Starter and Hand, as Seen in the Topdon Image, Were the Same as the Display Embodied in the D985 Patent.

Beyond the differences in the relevant articles of manufacture, any claim for design patent

infringement is also subject to dismissal under the governing "ordinary observer" standard.  To

show infringement of the D985 patent, Noco must show that "an ordinary observer, familiar with

the prior art, would be deceived into thinking that the accused design was the same as the patented

design" in the D935 Patent.  <u>Egyptian Goddess, Inc. v. Swisa, Inc.</u>, 543 F.3d 665, 672 (Fed. Cir.

2008).  Infringement will only be found when an article copies the patented design or is "a

colorable imitation thereof."  <u>Id.</u> at 678.

> *In some instances, the claimed design and the accused design will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer* . . . . In other instances, when the claimed and accused designs are not plainly dissimilar, resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art . . . .

<u>Id.</u> (emphasis added).  "Differences . . . must be evaluated in the context of the claimed design as

a whole, and not in the context of separate elements in isolation."  <u>Ethicon Endo-Surgery, Inc. v.</u>

<u>Covidien, Inc.</u>, 796 F.3d 1312, 1335 (Fed. Cir. 2015).  "It is the appearance of a design as a whole which is controlling in determining infringement.  There can be no infringement based on the similarity of specific features if the overall appearance of the designs are dissimilar."  <u>OddzOn Prods., Inc. v. Just Toys, Inc.</u>, 122 F.3d 1396, 1405 (Fed. Cir. 1997).  Whether two designs are plainly dissimilar is appropriate for determination on a motion to dismiss under Rule 12(b)(6) where no reasonable fact finder could find infringement.  <u>See</u>, <u>e.g.</u>, <u>Anderson v. Kimberly-Clark Corp.</u>, 570 F. App'x 927 (Fed. Cir. 2014); <u>Colida v. Nokia, Inc.</u>, 347 F. App'x 568 (Fed. Cir. 2009); <u>Kellman</u>, 280 F. Supp. 2d 670; <u>P.S. Prods.</u>, 140 F. Supp. 3d 795.

As seen below, the Topdon Image is distinct from the combination jump starter and display claimed in the D985 Patent, such that an ordinary observer would not be deceived into thinking that the Topdon Image was the same as the design in the D985 Patent:

**Noco's D985 Patent**                          **Topdon Image**

The primary differences between the D985 Patent and the Topdon Image are stated below:

- Jump starter held in mannequin's ***left hand*** with ***evenly spaced second through fifth fingers*** located on the top of the jump starter and the third finger fitting into a depression in the jump starter's framing;

- Jump starter is held by an individual's ***right hand***, where the individual's third and fourth fingers are wrapped over the top of the jump starter and his or her ***index finger is spaced apart from the***

9

the mannequin's *left thumb wraps around bottom rounded edge and partially covers the front of the jump starter*.

- The jump starter contains wide framing circumscribing the device and *containing shapes cut into the framing* – two deep and three shallow rectangles on the horizontal sides of the framing, one triangular section in each of the four corners of the framing, and one rectangular section of framing on each of the vertical sides of the framing.

- The result of the framing is to create a *design of three thick, interconnected lower case "t"s* on the front of the Noco jump starter.  The three interconnected lower case "t"s are marked in the figure above in yellow.

- The back of the Noco jump starter is *nearly completely flat, except for four circles*.  See Milov Decl., Ex. A at figure 3.

- Each *vertical side of the jump starter framing is recessed to allow for electrical ports, but otherwise runs perpendicular* to the horizontal sides of the jump starter

- Front of jump starter *bears no ornamentation*

*third through fifth finger* and the individual's *right thumb wraps under the bottom of the device, but barely crosses the perimeter between the jump starter's framing*.

- The framing that circumscribes the Topdon jump starter *does not have visible shapes that cut into the framing, but instead has elements that project out from the framing*.

- The result of the framing is to create a *design of wide "v" shapes* that cut away from the front portion of the jump starter and into the framing.  The wide "v" shapes are marked in the figure above in yellow.

- The back of the Topdon jump starter *is not shown* in the Topdon Image

- Vertical sides are *not completely visible* but are shown with wires extending from the side.  The horizontal and vertical sides join one another by means of a *rounded edge*.

- Front of jump starter *is ornamented*; it is *prominently labeled TORNADO1200*, and has various *lit elements and a power button located on the right hand side* of the jump starter.

The mere fact that both the D985 Patent and the Topdon Image include hands holding jump starters is not enough to sustain a claim of design patent infringement.  See OddzOn Prods., 122 F.3d at 1405 (design patent infringement cannot be based only on similarity of specific features

as opposed to design at whole).  On this basis as well, the Court thus should dismiss Noco's First Cause of Action based on the design patent as a matter of law.

## II.   NOCO'S STATE LAW, TRADEMARK-BASED CLAIMS SHOULD BE DISMISSED BECAUSE NOCO HAS NO VALID TRADE DRESS AND HAS NOT AND CANNOT ADEQUATELY ALLEGE DILUTION.

Noco asserts state trademark claims based on alleged dilution of its "Intellectual Property."  Because "Ohio state law claims of unfair competition and deceptive and unfair trade practices under Ohio Rev. Code § 4165.02 are analyzed similarly," Best v. AT&T Mobility LLC, 12-cv-564, 2015 U.S. Dist. LEXIS 30866, at *19 (S.D. Ohio Mar. 12, 2015), the two state law claims can be assessed together.  As will be shown below, the claims are not viable.

### a.   Noco Has Not Adequately Alleged That It Owns a Valid Trade Dress.

Noco's state-law trademark claims are based on alleged dilution of its trade dress.  But Noco has failed to allege that it owns any valid trade dress because it has not identified its trade dress with requisite specificity or alleged that the trade dress has acquired secondary meaning and is non-functional.  For these reasons, the claims must be dismissed.

### i.   Noco Has Failed to Specifically Identify Its Trade Dress.

To plead dilution, plaintiff must first identify its alleged trade dress with particularity. See Mike Vaughn Custom Sports, Inc. v. Piku, 15 F. Supp. 3d 735, 747 (E.D. Mich. 2014) (noting "the Court cannot evaluate the plaintiff's claim for trade dress dilution because the complaint does not identify with precision the plaintiff's claimed trade dress").[2]  This requirement necessitates "an articulation of which of the plaintiff's trade design elements are distinctive and how they are distinctive."  Sara Designs, Inc. v. A Classic Time Watch Co., 234

---

[2] See Best, 12-cv-564, 2015 U.S. Dist. LEXIS 30866, at *19 ("[T]he [ODTPA] is substantially similar to the Lanham Act and '[w]hen adjudicating claims under the [ODTPA], Ohio court shall apply the same analysis applicable to claims commenced under the analogous federal law.'").

F. Supp. 3d 548, 555 (S.D.N.Y. 2017). "'[I]t will not do to solely identify in litigation a combination as "the trade dress."  Rather, the discrete elements which make up that combination should be separated out and identified in a list.'"  GMC v. Lanard Toys, Inc., 468 F.3d 405, 415 (6th Cir. 2006) (quoting MCCARTHY ON TRADEMARKS § 8:3 (4th ed. 2001)).  "Without such a precise expression of the character and scope of the claimed trade dress, litigation will be difficult, as courts will be unable to evaluate how unique and unexpected the design elements are in the relevant market."  Landscape Forms, Inc. v. Columbia Cascade Co., 113 F.3d 373, 381 (2d Cir. 1997).

Moreover, the standard for pleading trade dress protection is particularly high for product configuration trade dress as opposed to product packaging claims.  Specifically, "[c]ourts have exercised 'particular caution, when extending protection to product designs," such as the handheld jump starter at issue here.  See Mike Vaughn Custom Sports, 15 F. Supp. 3d at 745 (internal quotation marks omitted) (quoting Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 114 (2d. Cir. 2001)).  This caution arises from a concern "that relief will hamper efforts to market competitive goods; create a monopoly in the goods themselves rather than a word, phrase, or symbol; and undermine restrictions in copyright and patent law that are designed to avoid granting monopolies to products and ideas."  Id. (quoting Yurman, 262 F.3d at 115)).

Further, the standard for pleading product configuration trade dress is higher still when, as here, a court is asked to extend trade dress protection to "an entire line of products (as opposed to a single product)."  Nat'l Lighting Co. v. Bridge Metal Indus., Inc., 601 F. Supp. 2d 556, 561 (S.D.N.Y. 2009).  Although a plaintiff "may seek trade dress protection for an entire product line, by establishing that the 'overall look' in each separate product is 'consistent,'" Yurman, 262 F.3d at 116 (citation omitted), when a plaintiff seeks such protection, "for obvious reasons, concern for

12

protecting competition is . . . particularly 'acute.'"  <u>Id.</u> (quoting <u>Landscape Forms</u>, 113 F.3d at 380).  Based on such competitive concerns, "a trade dress plaintiff seeking to protect a series or line of products faces the particularly difficult challenge of showing that the appearance of its several products is sufficiently distinct and unique to merit protection as a recognizable trade dress."  <u>Landscape Forms</u>, 113 F.3d at 380 (emphasis added).

Here, Noco has utterly failed to sufficiently plead its trade dress.  First, rather than articulate the elements of its trade dress and state how those elements are distinct, Noco has simply defined its allegedly protectable "Intellectual Property" as the sum of its D985 Patent and Noco Image.  <u>See</u> Compl. ¶ 36.  Such a definition is plainly insufficient under governing case law.  <u>See, e.g.</u>, <u>GMC</u>, 468 F.3d at 415.  This pleading deficiency alone should result in dismissal. <u>See</u> <u>Mike Vaughn Custom Sports</u>, 15 F. Supp. 3d at 747.

Moreover, Noco appears to be claiming protection for its line of jump starters, and it has not met the demanding pleading standard for such a claim.  As noted above, Noco has defined its "Intellectual Property" as the combination of the D985 Patent and the Noco Image.  But an inspection of these the jump starter in the D985 Patent and the jump starter in the Noco Image indicates that they cover different features, and, therefore Noco is not attempting to plead dilution of any one singular trade dress.

| D985 Patent | Noco Image |
|---|---|
|  | |

Among the variations between the products is the fact, noted in red, that the jump starter in the D985 Patent contains two deep rectangular sections on the horizontal framing sections of the jump starter, while the Noco Image has three such rectangular sections.  Further, the horizontal sections of jump starters differ from one another: the D985 Patent contains a recessed port on the horizontal framing of the jump starter closest to the mannequin's thumb, whereas the same section of framing in the Noco Image is seen with two protruding elements extending from the framing.  Finally, the D985 Patent contains no ornamentation on the front side of the jump starter, while the Noco Image shows a jump starter prominently labeled NOCOBOOST XL with various other elements.  If Noco has failed to articulate its trade dress in one jump starter, it certainly has failed to sufficiently articulate its trade dress for the purposes of pleading trade dress for a consistent line of products.  See Yurman, 262 F.3d at 116.

What Noco appears to be doing, but cannot, is attempting to protect the idea of a handheld jump starter.  But the commonplace idea of a handheld jump starter, and advertising the size of the jump starter by, for example, having someone hold it in their hand, indicates "that the dress should be regarded as unprotectable or 'generic,' to avoid tying up a product or

14

marketing idea." Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc., 58 F.3d 27, 32 (2d Cir.

1995).  Accordingly, Noco's state law claims should be dismissed.

> ii.    **Noco Has Failed to Plead that Its Alleged Trade Dress Has Acquired Secondary Meaning or Is Not Functional.**

Even if Noco had adequately articulated the elements comprising its alleged trade dress,

it has still failed to allege that its trade dress is valid because it has not alleged that the product

configuration trade dress has acquired secondary meaning or that it is non-functional.

"[I]n an action for infringement of unregistered trade dress under § 43(a) of the Lanham

Act, a product's design is distinctive, and therefore protectable, only upon a showing of

secondary meaning." Wal-Mart Stores v. Samara Bros., 529 U.S. 205, 216 (2000).  The Sixth

Circuit assesses seven factors to determine whether a product configuration trade dress has

acquired secondary meaning: "(1) direct consumer testimony, (2) consumer surveys, (3)

exclusivity, length, and manner of use, (4) amount and manner of advertising, (5) amount of

sales and number of customers, (6) established place in the market, and (7) proof of intentional

copying." GMC, 468 F.3d at 418.  Even a cursory review of the Complaint indicates that Noco

has woefully failed to meaningfully address any of these factors.  In fact, Noco does not even

allege that it has marketed or sold products to consumers using its trade dress, just that it

copyrighted an image and obtained a design patent.  Instead, Noco has simply pleaded in a

conclusory fashion that "[t]he Intellectual Property is well known and distinctive within the

battery and battery charging industry."  Compl. ¶ 37.  But the Court is not required to "accept

legal conclusions 'couched as a factual allegation.'"  Kassa v. Detroit Metro Convention &

Visitors Bureau, 672 Fed. Appx. 575, 575 (6th Cir. 2017) (quoting Twombly, 550 U.S. at 550).

Further, Noco has not alleged that its trade dress is not functional, a fatal pleading error.

See TrafFix Devices, Inc. v. Mktg. Displays, Inc., 532 U.S. 23, 32 (2001) ("[A] product feature is

functional, and cannot serve as a trademark, if it is essential to the use or purpose of the article or if it affects the cost or quality of the article" or if its exclusive use "would put competitors at a significant non-reputation-related disadvantage.").  Because Noco has not and cannot allege that it has valid trade dress rights in its jump starter, the Court should dismiss Counts Two and Three.

> **b.  Noco Has Not and Cannot Allege A Cognizable Trademark Dilution Claim.**

Finally, even if Noco had adequately pleaded that it has a valid trade dress, it has not alleged a cognizable dilution claim.  To adequately plead a trademark dilution claim, Noco must establish: that (1) Noco's trade dress is famous, (2) that the Noco trade dress is distinctive, (3) that Topdon has made use of the trade dress in commerce, (4) beginning after the Noco trade dress became famous, (5) and that Topdon's use dilutes the distinctiveness of Noco's trade dress. See Moses v. YouTube, Inc., 12-cv-2822, 2013 U.S. Dist. LEXIS 185014, at *26 (W.D. Tenn. Sept. 23, 2013) (citation omitted), adopted by 2014 U.S. Dist. LEXIS 17029 (W.D. Tenn. Feb. 11, 2014).

Noco's only relevant allegation is that it "is well known and distinctive within the battery and battery charging industry"—bereft of any factual support—which falls far short of the standard required for a sufficient claim alleging dilution of a famous mark.  Compl. ¶ 37; see Moses, 2013 U.S. Dist. LEXIS 185014, at *27 (recommending dismissal of trademark dilution claim when plaintiff alleged that her mark was distinctive but did not allege any facts about such distinctiveness, such as "the volume and geographic extent of sale of goods or services offered under the mark, the extent of recognition of the actual mark, and the extent of advertising and publicity of the mark.").  And while Noco has attempted to allege a claim for dilution by tarnishment in addition to its claim for tarnishment by blurring, see Compl. ¶ 38, the Complaint contains no allegations that would support a tarnishment claim.  See Pendleton Woolen Mills,

16

Inc. v. Round Up Ass'n, 11-cv-592, 2012 U.S. Dist. LEXIS 94502, at *21-23 (D. Oregon July 9, 2012) (granting motion to dismiss dilution claim when pleading did not provide support for claim of tarnishment; "a plaintiff must establish that the famous mark will suffer negative associations as a result of the use of the similar mark"); see also Boarding Sch. Review, LLC v. Delta Career Educ. Corp., 11-cv-8921, 2013 U.S. Dist. LEXIS 48513, at *24-26 (S.D.N.Y. Mar. 29, 2013).  Noco has not even alleged that it ever sold a product with its trade dress, let alone that such trade dress had become famous and distinctive to the public.

For the aforementioned reasons, Noco's alleged trade dress claims, asserted under ODTPA and state Unfair Competition causes of action, are thus subject to immediate dismissal.

### III.  NOCO'S COPYRIGHT CLAIM FAILS BECAUSE THE TOPDON IMAGE IS NOT SUBSTANTIALLY SIMILAR TO THE PROTECTABLE ELEMENTS OF THE NOCO IMAGE.

To establish copyright infringement, a plaintiff must show that (1) it owns a valid copyright and (2) "copying of constituent elements of the work that are original.'"  Stromback v. New Line Cinema, 384 F.3d 283 (6th Cir. 2004) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991)).  When there is no evidence of direct copying, a plaintiff may meet its burden by showing access to plaintiff's work and substantial similarity between plaintiff's and defendant's works.  Kohus v. Mariol, 328 F.3d 848, 853-54 (6th Cir. 2003).  In assessing substantial similarity, the Sixth Circuit has instructed courts to employ a two-part test: "the first step 'requires identifying which aspects of the artist's work, if any, are protectible by copyright,'" and "the second 'involves determining whether the allegedly infringing work is "substantially similar" to protectible elements of the artist's work.'"  Id. at 855 (citation omitted).

The first step of the two-step substantial similarity analysis reveals a recognition of copyright's idea-expression dichotomy: "It is axiomatic, to begin with, that mere abstract ideas are not protectible, but the expression of an idea is."  Id. at 855 (citing Mazer v. Stein, 347 U.S.

17

201, 217 (1954)); see also Lexmark Int'l, Inc. v. Static Control Components, Inc., 387 F.3d 522, 534 (6th Cir. 2004) (noting that the "idea-expression dichotomy" differentiates copyright and patent law).  Accordingly, "a defendant incurs no liability if he copies only the 'ideas' or 'concepts' used in the plaintiff's work.  To infringe, the defendant must also copy enough of the plaintiff's expression of those ideas or concepts to render the two works 'substantially similar.'" Rentmeester v. Nike, Inc., 883 F.3d 1111, 1117 (9th Cir. 2018).

Noco's claim of copyright infringement on the basis of Topdon's use of the Topdon Image is not cognizable as a matter of law.  As an initial matter, Noco does not own the idea of holding a jump starter in a hand, particularly when the purpose of showing the jump starter in an individual's hand is to indicate to consumers the size of the device and that it is cable of being "handheld."  Stromback, 384 F.3d at 296 (quoting Taylor v. Metro-Goldwyn-Mayer Studios, 115 F. Supp. 156, 157 (S.D. Cal. 1953)) ("'Ideas are free to the world, and one person's idea can be appropriated by another with impunity.'").  Instead, what is covered by Noco's copyright in the Noco Image is the particular expression of the idea of holding a jump starter in a model's hand. See id.

Once the idea of holding a jump starter in a model's hand is filtered out from the images, it is clear that the works are not substantially similar to one another because there are significant differences in the jump starters and hands within the images, and, more importantly, there are several differences in the compositions, as seen below:

Noco Image

Topdon Image




The Noco Image shows no depth of field and contains "flat" lighting with no particular area of the image spot lit.  The Noco Image centers the model's hand and jump starter in the middle of the work and these items take up nearly the entire frame, with the remaining negative space of the image being shown only in black.  The Topdon Image, in contrast, shows a traditional car battery with red and black jumper cables below the image of a lit hand holding the Topdon Tornado jump starter, and a red circle containing an additional image relating to the voltage of the charging battery.  The Topdon composition is foreshortened by the hand extending towards the viewer, while the model's shirt and the background of the photo blur into the background.  The jump starter and hand within the Topdon Image also appear to the right of center of the image and take up a small portion of the entire image, with the remainder of the image being consumed by the traditional battery and jumper cables, the red-circled image, a striated, blurred background, and text about the offering.  These differences militate in favor of dismissal of Noco's copyright infringement claim at the pleading stage.  See Rentmeester, 883 F.3d at 1121-23 (affirming dismissal of infringement claim, finding photographs of same subject not substantially similar when defendant's artistic "choices produced an image that differ[ed] from [plaintiff]'s photo in more than just minor details," even when both photographs featured

Michael Jordan in a leaping, grand jeté-inspired position); <u>Gordon v. McGinley</u>, 99 U.S.P.Q.2d

1846 (S.D.N.Y. 2011) (dismissing infringement claim, finding photographs not substantially

similar as a matter of law), <u>aff'd in relevant part</u>, 502 Fed. Appx. 89 (2d Cir. 2012).

## <u>CONCLUSION</u>

For the foregoing reasons, Topdon's motion to dismiss the Complaint should be granted.

Respectfully submitted,

<u>s/Michael N. Ungar</u>
Michael N. Ungar (0016989)
Halden R. Schwallie (0093665)
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
Phone: (216) 583-7000
Facsimile: (216) 583-7001
E-mail: mungar@ulmer.com
Email: hschwallie@ulmer.com

*Attorneys for Defendants Shenzhen Dingjian Technology Co., Ltd. D/B/A Topdon and USA Topdon LLC D/B/A Topdon*

Richard S. Mandel (Admitted Pro Hac Vice)
Joelle A. Milov (Admitted Pro Hac Vice)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street, 21st Floor
New York, New York
Phone: (212) 790-9200
Facsimile: (212) 575-0671
E-mail: rsm@cll.com

*Attorneys for Defendants Shenzhen Dingjian Technology Co., Ltd. D/B/A Topdon and USA Topdon LLC D/B/A Topdon*

## CERTIFICATE OF COMPLIANCE

I, Michael N. Ungar, certify that this case has not been assigned to any track under L.R. 16.2(a).  I further certify that this memorandum complies with the page limitation set forth in L.R. 7.1(f) for unassigned cases.

*s/Michael N. Ungar*
*One of the Attorneys for Defendants*
*Shenzhen Dingjian Technology Co.,*
*Ltd. D/B/A Topdon and USA Topdon*
*LLC D/B/A Topdon*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2021, a copy of Defendants' Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Michael N. Ungar*
*One of the Attorneys for Defendants*
*Shenzhen Dingjian Technology Co.,*
*Ltd. D/B/A Topdon and USA Topdon*
*LLC D/B/A Topdon*
