**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THE NOCO COMPANY** | ) | |
| | ) | CASE NO.: 1:21-cv-01483-DAP |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| -v- | ) | Magistrate Judge William H. Baughman Jr. |
| | ) | |
| **SHENZHEN DINGJIANG** | ) | |
| **TECHNOLOGY CO., LTD. D/B/A** | ) | |
| **TOPDON, *et al.*** | ) | |
| | ) | |
| Defendants. | ) | |

---

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

---

Plaintiff The NOCO Company ("***Plaintiff***" or "***NOCO***"), by and through the undersigned counsel, respectfully submits this Memorandum in Opposition to Defendant Shenzhen Dingjiang Technology Co., Ltd. d/b/a Topdon's ("***Topdon China***") and Defendant USA Topdon LLC d/b/a Topdon's ("***Topdon USA***") (collectively, "***Topdon***" or "***Defendants***") Motion to Dismiss (the "***Motion***") Plaintiff's Complaint (the "***Complaint***").

For all the reasons outlined below, NOCO has sufficiently pled its claims against Topdon and Topdon has failed to identify any legitimate basis for dismissal. Accordingly, the Motion should be denied.

Respectfully Submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
DEREK P. HARTMAN (0087869)
ALEXANDER M. WELSH (0096880)
ANNA E. BULLOCK (0100008)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; dph@kjk.com;
amw@kjk.com; aeb@kjk.com

*Counsel for Plaintiff The NOCO Company*

ii

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................ iii

TABLE OF AUTHORITIES ................................................................................ iv

I.  RELEVANT FACTUAL BACKGROUND ................................................. 1

    A.  NOCO Creates and Protects the Intellectual Property .............................. 1

    B.  Topdon Creates the Offending Image and Uses it to Sell
        Competing Products ..................................................................................... 3

II.  PROCEDURAL HISTORY ......................................................................... 5

III.  ARGUMENT .............................................................................................. 6

    A.  Standard of Review .................................................................................... 6

    B.  Topdon's Offending Display Infringes upon NOCO's Copyright ................. 6

    C.  Topdon's Offending Display Infringes upon NOCO's '985 Patent ............. 12

    D.  Topdon Unfairly Competes with NOCO through Unauthorized
        Use of the Intellectual Property .................................................................. 15

    E.  Topdon Engages in Deceptive Trade Practices by Using the
        Intellectual Property Without Authorization ............................................. 16

    F.  NOCO is Entitled to a Declaration that Topdon is Unauthorized to
        Continue Using the Intellectual Property in the Offending Image .......... 17

IV.  CONCLUSION ......................................................................................... 19

CERTIFICATE OF SERVICE ......................................................................... 21

4856-1040-5380, v. 3

## TABLE OF AUTHORITIES

**Cases**

*Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, No. 19-2420-cv, 2021 U.S.
App. LEXIS 25277 (2d Cir. Mar. 26, 2021) .................................................. 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................... 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................... 6

*Brammer v. Violent Hues Prods.*, LLC, 922 F.3d 255 (4th Cir. 2019) ............ 10

*Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267  (6th Cir. 2009) ............ 12

*Commodities Exp. Co. v. Detroit Int'l Bridge Co.*, 695 F.3d 518 (6th Cir. 2012) ............ 21

*Crocs, Inc. v. ITC*, 598 F.3d 1294 (Fed. Cir. 2010) ........................................ 16

*Cunningham Prop. Mgmt. Trust v. Ascent Res. - Utica, LLC*, 351 F. Supp. 3d 1056 (S.D.
Ohio Nov. 16, 2018) ...................................................................................... 24

*Deems v. Eco Water Sys.*, Summit C.P. No. CV2013-02-1202 Ohio Misc. LEXIS 26805
(Dec. 8, 2014) ................................................................................................ 19

*Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, No. 3:15CV00666, 2018 U.S. Dist.
LEXIS 55557 (N.D. Ohio Mar. 30, 2018) ............................................... 7, 15

*ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616 (6th Cir. 2020) .................... 7, 11

*Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197 (2007) ................................. 6

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) ..................... 7

*First Impressions Design & Mgt., Inc. v. Kucyk*, No. 1:15-cv-22730-UU, 2016 U.S. Dist.
LEXIS 191143 (S.D. Fla. Mar. 7, 2016) ...................................................... 13

*Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131 (5th Cir. 2004) ........................ 8

*Gold Crest, LLC v. Project Light, LLC*, No. 5:19-cv-2921, 525 F. Supp. 3d 826 (N.D. Ohio
Mar. 10, 2021) ......................................................................................... 15, 16

*Golden Star Wholesale, Inc. v. ZB Importing, Inc.*, No. 19-10958, 2021 U.S. Dist. LEXIS
62125, (E.D. Mich. Mar. 31, 2021) ................................................................ 8

*Gordon v. McGinley*, 99 U.S.P.Q.2d 1846 (S.D.N.Y. 2011) ............................. 14

*Gordon v. Nextel Communs.*, 345 F.3d 922 (6th Cir. 2003) ............................. 11

*Grand Gen. Accessories Mfg. v. United Pacific Industries*, No. CV 08-07078 DDP
(VBKx), 2009 U.S. Dist. LEXIS 141253 (C.D. Cal. June 11, 2009).............. 17

iv

*Grand Trunk Western Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984)..... 23

*Gunasekera v. Irwin*, 551 F.3d 461 (6th Cir. 2009) ............................................................ 6

*Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357 (Fed. Cir. 2013) ............................ 15, 17

*Herzog v. Castle Rock Entm't*, 193 F.3d 1241 (11th Cir. 1999)........................................ 13

*In re Wal-Mart ATM Fee Notice Litig.*, MDL No. 2:11-md-2234-JPM, 2013 U.S. Dist.
   LEXIS 98968 (W.D. Tenn. July 16, 2013) .................................................................. 25

*Kellman v. Coca-Cola Co.*, 280 F. Supp. 2d 670 (E.D. Mich. 2003) ................................ 17

*Kohus v. Mariol*, 328 F.3d 848 (6th Cir. 2003) ................................................................ 14

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*....................................................... 9

*Lichtenstein v. Levin*, 1927 Ohio Misc. LEXIS 1393 (Ohio C.P. Court Sandusky Co.
   1927)........................................................................................................................... 19

*Mercedes Benz, USA, LLC v. Lewis*, Nos. 19-10948; 2019 U.S. Dist. LEXIS 154818 (E.D.
   Mich. Sep. 11, 2019)................................................................................................... 21

*Miken Constr. Co. v. Safeguard Props. Mgmt., LLC*, 2020 U.S. Dist. LEXIS 158990
   (N.D. Ohio Sep. 1, 2020) ............................................................................................ 24

*MK Group, LLC v. SheShells Co., LLC*, 591 F.Supp.2d 944 (N.D. Ohio 2008) .............. 19

*Monge v. Maya Magazines, Inc.*, 688 F.3d 1164 (9th Cir. 2012)...................................... 11

*Monogram Models, Inc. v. Industro Motive Corp.*, 448 F.2d 284 (6th Cir. 1971)............. 8

*Murray Hill Publ'ns., Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312 (6th Cir.
   2004)..................................................................................................................... 12, 13

*NOCO Company v. Shenzhen Dingjiang Technology Co., Ltd.*, No. 1:20-cv-01954 (N.D.
   Ohio *filed* Sep. 1, 2020)............................................................................................... 5

*Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790 (Fed. Cir. 2000)
   ................................................................................................................................... 17

*Price v. Gulfport Energy Corp.*, 2020 U.S. Dist. LEXIS 165347 (S.D. Ohio Sept. 10,
   2020)........................................................................................................................... 24

*Rentmeester v. Nike, Inc.*, 883 F.3d 1111 (9th Cir. 2018)........................................... 14, 15

*Riley v. KeyCorp*, No. 1:11 CV 1150, 2012 U.S. Dist. LEXIS 19351 (N.D. Ohio Feb. 16,
   2012)........................................................................................................................... 22

*Samsung Electronics Co. v. Apple Inc.*, 137 S.Ct. 429, 435 (2016) ................................. 18

*State v. Throne*, 464 P.3d 42 (Kan. App. 2020) ............................................................... 18

v

*TailGate Beer, LLC v. Blvd. Brewing Co.*, No. 3:18-cv-00563, 2019 U.S. Dist. LEXIS 179073 (M.D. Tenn. Oct. 16, 2019) ............................................................... 8

*U.S. Fire Ins. Co. v. Albex Aluminum, Inc.*, 161 Fed. Appx. 562 (6th Cir. 2006) ........... 22

*United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983) .. 25

*Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468 (6th Cir. 2015) ..................... 9

*Vasu v. Combi Packaging Sys. LLC*, No. 5:18-cv-1889, 2020 U.S. Dist. LEXIS 91168 (N.D. Ohio May 25, 2020) ......................................................................... 25

*Wickham v. Knoxville Int'l Energy Exposition, Inc.*, 739 F.2d 1094 (6th Cir. 1984) ....... 13

*Wisconsin Electric Co. v. Dumore Co.*, 35 F.2d 555 (6th Cir. 1929) ................................ 19

## Statutes

17 U.S.C. § 410(c) ..................................................................................................... 7

O.R.C. §4165.02 ...................................................................................................... 16

## Rules

Civ. R. 8(E) ............................................................................................................. 19

Civ.R. 8(A) .............................................................................................................. 19

Fed. R. Civ. P. 15(a)(2) ........................................................................................... 19

Fed. R. Civ. P. 57 .................................................................................................... 18

Fed. R. Civ. P. 8(a)(2) .............................................................................................. 6

Rule 12(b)(6) ............................................................................................................. 6

vi

## I.   FACTUAL BACKGROUND

### A.  NOCO Creates and Protects its Intellectual Property.

NOCO is an Ohio corporation in the business of designing, producing, and selling battery chargers, jump starters, and related products and accessories (the "***Products***"). (*See* ECF No. 1 at ¶ 2). In the course of advertising and marketing the Products, NOCO often develops designs, images, displays, and other proprietary material (the "***Intellectual Property***"). (*See* ECF No. 1 at ¶¶ 18-20, 22-25).

At issue in this case are one of NOCO's design patents and one of its copyrights. (*Id.*). Specifically, as NOCO sets forth in the Complaint, Topdon has infringed upon NOCO's federally registered copyright "Boost in Hand" with Registration Number VAu001314169 (the "***Copyrighted Image***"); and NOCO's United States Design Patent with number D867,985 (the "***'985 Patent***"), entitled "Combination Jump Starter and Display," which was duly and legally issued on November 26, 2019. (*See* ECF No. 1 at ¶¶ 18-20, 22-25). The Copyrighted Image and relevant portion of the '985 Patent are reproduced below:

1



*Figure 1*: The Copyrighted Image. (See *ECF No. 1 at ¶19, 21*).



*Figure 2*: The '985 Patent, Fig. 2. (See *ECF No. 1 at ¶28*).

2

**B. Topdon Creates the Offending Display and Uses it to Sell Competing Products.**

Topdon is likewise engaged in the sale of jump starters, chargers, and related accessories. (ECF No. 1 at ¶¶ 3-4; ECF No. 13 at p. 1). Topdon acknowledges the competition between the parties in its Motion. (ECF No. 13 at p. 1). In connection with its sales of competing products, Topdon has created and displayed the infringing image, presented below and alongside the Intellectual Property in Figures 3-5 (the "***Offending Display***").



*Figure 3: The Offending Display. (See ECF No. 1 at ¶21).*

3

| '985 Patent, Fig. 2 | The Offending Display |
|---|---|



*Figure 4*: *A side-by-side presentation of the '985 Patent and the Offending Display. (See ECF No. 1 at p. 7).*

| The Copyrighted Image | The Offending Display |
|---|---|



*Figure 5*: *A side-by-side presentation of the Copyrighted Image and the Offending Display. (See ECF No. 1 at p. 5).*

4

NOCO has been harmed by Topdon's unauthorized use of the Intellectual Property and brought this action to put a stop to Topdon's infringing activities. In the Motion, Topdon makes reference to the volume of NOCO's litigation activity in an attempt to suggest this case is improperly motivated. (ECF No. 13 at p. 1). NOCO denies Topdon's baseless claim that the above-referenced litigation is in any way directed to the suppression of competition. To the contrary, fair competition is NOCO's only objective and the volume of complaints filed by NOCO reflects the persistent infringement of NOCO's intellectual property by NOCO's competitors. Indeed, this is not the first time that NOCO has had to pursue Topdon itself for engaging in such activity. *See NOCO Company v. Shenzhen Dingjiang Technology Co., Ltd.*, No. 1:20-cv-01954 (N.D. Ohio *filed* Sep. 1, 2020). NOCO's claims are legitimate and properly pled. As such, the Motion should be denied.

## II.  **PROCEDURAL HISTORY**

NOCO commenced this action by filing its Complaint on July 30, 2021. The Complaint states claims for: (i) declaratory judgment, (ii) deceptive trade practices, (iii) unfair competition, (iv) copyright infringement, and (v) patent infringement. Through a stipulation approved by this Court on August 20, 2021, Topdon and USA Topdon LLC ("***Topdon USA***") agreed to file their response by October 18, 2021. (ECF No. 7). Topdon timely filed the Motion seeking dismissal of each of NOCO's claims. NOCO, in accordance with a joint motion for an extension of time that was granted by this Court on November 18, 2021 (ECF No. 15), timely files this response and submits that the Motion should be denied for all the reasons set forth below.

5

## III.  LAW AND ARGUMENT

### A. Standard of Review

Fed. R. Civ. P. 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

### B. Topdon's Offending Display Infringes upon NOCO's Copyright.

NOCO's allegations are more than sufficient to meet the lenient pleading standard for a copyright infringement claim in this jurisdiction. Specifically, "[t]o succeed on a copyright infringement claim, a plaintiff must establish (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 627-28 (6th Cir. 2020) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

As to the first element, NOCO alleges in the Complaint that it owns the federally registered copyright with Registration No. VAu001314169, which it registered on November 8, 2017, in the same year it was created. (*See ECF* No. 1 at ¶¶ 18-20, 45). In the Motion, Topdon does not contest NOCO's ownership. (*See, e.g.*, ECF No. 13 at p. 18 (referring to "what is covered by NOCO's copyright in the NOCO image")). Additional evidence of NOCO's registration for the Copyrighted Image is also attached[1] hereto as Exhibit 1. See *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, No. 3:15CV00666, 2018 U.S. Dist. LEXIS 55557, at *16 (N.D. Ohio Mar. 30, 2018) (citing *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004), *Monogram Models, Inc. v. Industro Motive Corp.*, 448 F.2d 284, 286 (6th Cir. 1971)) ("Copyrights registered within five years of publication 'constitute prima facie evidence of the copyright and the facts stated within the certificate.' A certificate of registration, if timely obtained, therefore creates a rebuttable presumption 'both that the copyright is valid and that the registrant owns the copyright.'"); *TailGate Beer, LLC v. Blvd. Brewing Co.*, No. 3:18-cv-00563, 2019 U.S. Dist. LEXIS 179073, at *33 (M.D. Tenn. Oct. 16, 2019) (finding the ownership prong satisfied because "timely registered copyrights are entitled to a 'presumption of validity'" and "a valid certificate of registration constitutes 'prima facie evidence of the validity of the copyright and of the facts stated in the certificate'") (internal citation omitted); *Golden Star Wholesale, Inc. v. ZB Importing, Inc.*, No. 19-10958, 2021 U.S. Dist. LEXIS 62125,

---

[1] "Certificates of Registration from the U.S. Copyright Office are public records that the court may take judicial notice of without converting a Rule 12(b)(6) motion to a motion for summary judgment." *Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F.Supp.2d 920, 924 (N.D.Ill.2013) (quoting *White v. Marshall*, 693 F. Supp. 2d 873, 884 (E.D. Wis. 2009)).

at *21 (E.D. Mich. Mar. 31, 2021) (quoting *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 477 (6th Cir. 2015) (quoting 17 U.S.C. § 410(c))) ("Congress has bestowed upon those who have obtained copyright registration 'made before or within five years after first publication of the work' a presumption of validity "in any judicial proceeding.'" "A certificate of registration 'constitutes prima facie evidence of the validity of the copyright and of the facts stated in the certificate.'"); *Golden Star*, 2021 U.S. Dist. LEXIS 62125, at *21 (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522 (6th Cir. 2004)). "In particular, originality is 'presumptively established by a copyright registration.'" Accordingly, NOCO has met the first element of a copyright claim.

As to the second element, NOCO alleges that Topdon has created an image which mimics, is derived from, and is substantially similar[2] to the Copyrighted Image. (*See* ECF No. 1 at ¶¶ 46-48). Accordingly, NOCO has adequately plead both elements of its copyright infringement claim.

Nonetheless, in the Motion, Topdon argues for dismissal on the basis that NOCO's copyright does not extend to the idea of a hand holding a jump starter. (*See* ECF No. 13 at p. 18 ("NOCO does not own the idea of holding a jump starter in a hand.")). This is a

---

[2] NOCO need only demonstrate a substantial similarity (as opposed to striking similarity) to support its claim of infringement, because NOCO can establish that Topdon had access to the Copyrighted Image. *See Schenck v. Orosz*, No. 3:13-cv-002942016 U.S. Dist. LEXIS 30880, at *19-20 (M.D. Tenn. Mar. 10, 2016) (citing *Jones v. Blige*, 558 F.3d 485, 492-93 (6th Cir. 2009)) ("The court finds that, through amazon.com's marketplace search function, there was certainly a 'reasonable possibility of access,' and a jury would not be 'required to make an implausible leap' to find that the defendants discovered and had access to the plaintiffs' designs via that website.").

8

notion which NOCO has never advanced, and which has no bearing on the central inquiry in a copyright claim – whether the Offending Image is substantially similar to the Copyrighted Image.

On that more relevant point, Topdon attempts to suggest that the Copyrighted Image and the Offending Display are not substantially similar, when considering only the "protectable elements" (*i.e.* what remains when non-creative elements have been removed). (ECF No. 13 at pp. 18-19). As an initial matter, "photographs are 'generally viewed as creative aesthetic expressions of a scene or image' and have long received thick copyright protection, . . . even though photographs capture images of reality." *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, No. 19-2420-cv, 2021 U.S. App. LEXIS 25277, at \*57 (2d Cir. Mar. 26, 2021) (quoting *Brammer v. Violent Hues Prods.*, LLC, 922 F.3d 255, 267 (4th Cir. 2019) (quoting *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1177 (9th Cir. 2012)).

Despite this "thick protection" and readily apparent holistic similarity, Topdon points to what it believes are differences between the Copyrighted Image and the Offending Display. In particular, Topdon identified depth of field, lighting, relative position of the product in the frame, and the addition of other images and text. (ECF No. 13 at p. 19). For example, one of the "differences" which Topdon argues supports dismissal of the Complaint is Topdon's addition of certain text on the image. (*Id.*).

However, the addition of new material does not negate infringement. At the extreme, new material can reduce the severity of infringement to a point below compensable harm. *See ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 629-630 (6th Cir. 2020) (quoting *Gordon v. Nextel Communs.*, 345 F.3d 922, 924 (6th Cir. 2003)) ("The *de*

9

minimis defense insulates a defendant's technical violations of a copyright from liability if the copying is so trivial as to fall below the quantitative threshold of substantial similarity, which is always a required element of actionable copying. In determining whether the allegedly infringing work is substantially similar, we look to the amount of the copyrighted work that was copied, as well as the observability of the copyrighted work in the allegedly infringing work."). Here, though the infringement is far from trivial and the Copyrighted Image is plainly observable in the Offending Display.

And notably, the text Topdon cites as showing a difference between the Offending Image and the Copyrighted Image is "CHARGE DEAD BATTERIES," only one word away from NOCO'S common law trademark "START DEAD BATTERIES," which is routinely displayed with the Copyrighted Image (*See* ECF No. 1 at p.4, fig. 1).

The other minute differences (an all-black background vs. an almost all-black background or the angle of the wrists in the images) are insufficient to support dismissal, and some are hardly differences at all.

Moreover, despite Topdon's suggestion to the contrary, the images must be considered on the whole, rather than by comparing elements piecemeal. Indeed, The Sixth Circuit has made clear that "the question for the jury in substantial-similarity cases is 'whether a lay observer would consider the works ***as a whole*** substantially similar to one another.' *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 275 (6th Cir. 2009) (quoting *Murray Hill Publ'ns., Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 320 (6th Cir. 2004)) (emphasis added) (further citation omitted).

NOCO believes the images are plainly substantially similar, but at the least they are similar enough to raise issues that cannot be disposed of on a motion to dismiss.

10

Critically for purposes of the Motion, a determination regarding substantial similarity is not appropriate on a motion to dismiss or even a motion for summary judgment. *See Murray Hill Publ'ns., Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 321 (6th Cir. 2004) (quoting *Wickham v. Knoxville Int'l Energy Exposition, Inc.*, 739 F.2d 1094, 1097 (6th Cir. 1984) (noting that copyright infringement "contains an element of subjectivity not found in most other jury determinations" and that consequently, "courts have recognized 'that granting summary judgment, particularly in favor of a defendant, is a practice to be used sparingly in copyright infringement cases'"); *First Impressions Design & Mgt., Inc. v. Kucyk*, No. 1:15-cv-22730-UU, 2016 U.S. Dist. LEXIS 191143, at *10-12 (S.D. Fla. Mar. 7, 2016) (citing *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1247 (11th Cir. 1999)) ("[s]ummary judgment historically has been withheld in copyright cases because courts have been reluctant to make subjective determinations regarding the similarity between two works.").

The cases cited by Topdon do not change this fact. (*See* ECF No. 13 at p. 19 (citing *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018); *Gordon v. McGinley*, 99 U.S.P.Q.2d 1846 (S.D.N.Y. 2011)). Specifically, the *Gordon* court was well within its rights to dismiss a frivolous claim which alleged infringement as between, for example, "a stunt biker with his motorcycle (the Gordon Image) and two nude models on roller skates (the McGinley Image)." *Gordon*, 99 U.S.P.Q.2d, at 1850. The *Gordon* court also noted the Second Circuit's refusal to "jettison" the "more discerning" observer test and "the apparent tension between a copyright test that embraces the holistic impression of the lay observer and one that imposes the partial filter of the 'more discerning' observer." *Id*. at 1849. No such tension exists in the Sixth Circuit, which employs the "ordinary

observer" test, which "requires the trier of fact to gauge the similarities of the two works *solely* on the basis of his 'net impression' and without relying on expert analysis or dissection." *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, 380 F. Supp. 3d 692, 704 (N.D. Ohio 2019) (citing *Kohus v. Mariol*, 328 F.3d 848, 854 (6th Cir. 2003)).

Likewise, *Rentmeester* relied upon the Ninth Circuit's intrinsic and extrinsic tests, as well their attendant filtering process, which are not the same as asking the trier of fact "their sense, as 'ordinary observers' whether the 'aesthetic appeal' is essentially 'the same.'" *Compare Design Basics,* 380 F. Supp. 3d at 704 *with Rentmeester,* 883 F.3d at 1118. Under the appropriate test, there is no basis for dismissal of NOCO's copyright claim. As such, the Motion should be denied.

### C. Topdon's Offending Display Infringes upon NOCO's '985 Patent.

NOCO properly alleges design patent infringement. (*See* ECF No. 1 at ¶¶ 22-30, 54-60). Specifically, the Sixth Circuit has established that a patent plaintiff's "complaint must: (1) allege ownership of the asserted patent; (2) name each defendant; (3) cite the patent that is allegedly infringed; (4) describe the means by which the defendant allegedly infringes; and (5) point to the specific sections of the patent law invoked." *Gold Crest, LLC v. Project Light, LLC*, No. 5:19-cv-2921, 525 F. Supp. 3d 826, 833 (N.D. Ohio Mar. 10, 2021) (citing *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013).

NOCO more than meets each of these requirements. NOCO cited[3] and claimed ownership of the '985 Patent. (ECF No. 1 at ¶¶ 23-25). NOCO named each defendant

---

[3] NOCO also attached the '985 Patent to the Complaint, despite Topdon's assertion to the contrary. (*See* ECF No. 13 at p.5, n.1; *but see* ECF No. 1-1).

(ECF No. 1 at pp. 1-2). NOCO described Topdon's infringement by means of its substantially similar TORNADO 1200 Jump Starter display (ECF No. 1 at ¶¶ 27-30). Finally, NOCO identified 35 U.S.C. §§271(a), 283-85, and 289 as the relevant sections of the patent law. (ECF No. 1 at ¶¶ 57-60).

In the Motion, Topdon argues that specific, minor differences demonstrate that the image and the design patent are not substantially similar. However, Topdon's approach misapplies the relevant test. The Offending Image and '985 Patent should be compared in the whole as opposed to element by element, and it is not proper to focus on individual, nuanced distinctions between the images. *See Gold Crest, LLC v. Project Light, LLC*, No. 5:19-cv-29212021 U.S. Dist. LEXIS 44570, at *17 (N.D. Ohio Mar. 10, 2021) (citing *Crocs, Inc. v. ITC*, 598 F.3d 1294, 1307 (Fed. Cir. 2010)). ("The ordinary observer test is applied to the patented design in its entirety, and minor differences between the patented design and the accused product do not prevent the Court from concluding that [the defendant] has plausibly alleged direct infringement.").

Substantial similarity is a question for the jury and not a proper basis for a motion to dismiss. Indeed, to sufficiently state a claim for patent infringement, all a complaint must do is: "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citing *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)). NOCO's complaint certainly meets this threshold.

13

Topdon also seeks dismissal on the basis that the claimed design and Offending Display are applied to distinct articles of manufacture. (*See* ECF No. 13 at pp. 5-7). While distinct articles of manufacture can sometimes be different enough to support dismissal, this simply isn't the case here. *See Grand Gen. Accessories Mfg. v. United Pacific Industries*, No. CV 08-07078-DDP (VBKx), 2009 U.S. Dist. LEXIS 141253, at *6 (C.D. Cal. June 11, 2009) (citing *Kellman v. Coca-Cola Co.*, 280 F. Supp. 2d 670, 671 (E.D. Mich. 2003) ("Defendant UPI argues that the patented and accused design are 'so entirely different' that no reasonable person would confuse them. In defense of this proposition, Defendant cites to [*Kellman*]. However, that case involved a hat compared with a t-shirt and bottlecaps. In contrast, this case involves competing products that do not have dissimilar appearances (and function)"). Likewise, here the relevant articles are displays used to advertise jump starters.

Even accepting Topdon's argument that NOCO's display as set forth in the '985 Patent must be tangible[4], while Topdon's Offending Display is digital, this represents a distinction without a difference. *See, e.g., State v. Throne*, 464 P.3d 42, 2020 Kan. App. Unpub. LEXIS 377, at *23-24 (Kan. App. 2020) (collecting cases) ("Other courts across the country have similarly held in multiple contexts that 'tangible' items include digital media."). Such a determination aligns with the Supreme Court's view on articles. *See Samsung Electronics Co. v. Apple Inc.*, 137 S.Ct. 429, 435 (2016) ("An article of manufacture, then, is simply a thing made by hand or machine.").

Accordingly, neither of Topdon's proposed bases supports dismissal of NOCO's design patent infringement claim. As such, the Motion should be denied.

---

[4] The language of the claim of the '985 Patent contains no such limitation.

14

**D. Topdon Unfairly Competes with NOCO through Unauthorized Use of the Intellectual Property.**

NOCO properly pled its claim for common law unfair competition. Specifically, in Ohio, "[t]he common law provides: 'unfair competition ordinarily consists in the simulation by one person, for the purpose of deceiving the public, of the name, symbols, or devices employed by a business rival . . . thus falsely indicating the purchase of his wares and thereby obtaining for himself the benefits properly belonging to his competitor.'" *Deems v. Eco Water Sys.*, Summit C.P. No. CV2013-02-1202, 2014 Ohio Misc. LEXIS 26805, at *19 (Dec. 8, 2014) (quoting *Lichtenstein v. Levin*, 1927 Ohio Misc. LEXIS 1393, at *4 (Ohio C.P. Court Sandusky Co. 1927). Likewise, "[t]he Sixth Circuit has explained that unfair competition arises where 'one party fraudulently seeks to sell his goods as those of another.'" *MK Group, LLC v. SheShells Co., LLC*, 591 F.Supp.2d 944, 961 (N.D. Ohio 2008) (quoting *Wisconsin Electric Co. v. Dumore Co.*, 35 F.2d 555, 557, (6th Cir. 1929)).

This is precisely what NOCO has pled. In the Complaint, NOCO alleges that Topdon is improperly using the Intellectual Property (expressly defined as the Copyrighted Image and the '985 Patent) to deceive the consuming public, usurp sales, and profit from the goodwill and positive reputation of NOCO in the relevant industry. (ECF No. 1 at ¶¶ 40-43).

Strangely, in addressing NOCO's state-law claims, Topdon dedicates six pages of argument to highlighting all the deficiencies in a theoretical trade dress claim that NOCO allegedly brought. (ECF No. 13 at pp. 11-17). In doing so, Topdon fundamentally misstates what NOCO has alleged. (*Compare* ECF No. 13 at p. 11 ("NOCO's state-law trademark claims are based on alleged dilution of its trade dress.") with ECF No. 1 at ¶¶

15

36-42 ("NOCO is the owner of the '985 Patent and the Copyrighted Image (together, the "Intellectual Property") . . . TOPDON's [un]authorized use of and derivations from the Intellectual Property is causing damage to NOCO . . .  TOPDON unfairly competes with NOCO through its authorized use of the Intellectual Property.")).

NOCO did not assert a trade dress claim or even use the words "trade dress." (*See generally* ECF No. 1). Instead, as discussed above, NOCO pled common law unfair competition and the Complaint contains all the elements of the claim actually pled. Accordingly, the Motion should be denied.

### E. Topdon Engages in Deceptive Trade Practices by Using the Intellectual Property Without Authorization.

In responding to NOCO's Ohio Deceptive Trade Practices Act ("***ODTPA***") claim which it assessed together with NOCO's unfair competition claim, Topdon again creates a straw man argument about how NOCO has not properly alleged trade dress infringement or dilution claims.

This is true. Because NOCO did not allege a trade dress claim. Or even use the words "trade dress" or "dilution." (*See generally* ECF No. 1). Instead, NOCO's claim rests on O.R.C. §4165.02, of which sections (a)(1)-(a)(3) set forth the claims for passing off, causing confusion as to source, and improperly suggesting affiliation. (*See* ECF No. 1 at p. 8) (citing O.R.C. §4165.02)). Specifically, NOCO alleges that Topdon's use of NOCO's Intellectual Property (expressly defined as the '985 Patent and the Copyrighted Image) causes such confusion. (ECF No. 1 at ¶¶ 36-38).

NOCO has properly pled its ODTPA claim, and Topdon has identified no legitimate basis for dismissal of the claim actually pled in the Complaint. Accordingly, the Motion should be denied.

16

**F. NOCO is Entitled to a Declaration that Topdon is Prohibited from Continuing to Use the Intellectual Property in the Offending Image.**

NOCO has properly pled its claim for declaratory judgment. "A declaratory judgment action is proper when 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Mercedes Benz, USA, LLC v. Lewis*, Nos. 19-10948; 19-10949; 19-10951, 2019 U.S. Dist. LEXIS 154818, at * 8 (E.D. Mich. Sep. 11, 2019) (quoting *Commodities Exp. Co. v. Detroit Int'l Bridge Co.*, 695 F.3d 518 (6th Cir. 2012)).

As NOCO alleges in the Complaint, "[a]n actual and justiciable controversy exists between NOCO and Topdon related to whether Topdon has the right to use the Copyrighted Image and the '985 Patent without NOCO's consent and in violation of NOCO's rights in the same." (ECF No. 1 at ¶ 31).

In its Motion, Topdon addresses NOCO's declaratory judgment claim only in passing, to argue that this claim should fail for the same reason that NOCO's claims for copyright infringement and design patent infringement should fail. (ECF No. 13 at pp. 2, 3). Topdon's argument fails for two reasons:

First, even adopting Topdon's theory that the claims rise and fall together, NOCO has established above that NOCO's copyright and design patent claims are proper and should survive. *See* §§ IV(A)-(B), *supra*. So too, then, should NOCO's declaratory judgment claim.

Second, the Sixth Circuit's five-factor test for taking up a declaratory judgment claim militates for survival of the claim and denial of the Motion. Specifically, under the *Grand Trunk* test, courts are to consider: "(1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose

17

in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata'; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective." *Riley v. KeyCorp*, No. 1:11 CV 1150, 2012 U.S. Dist. LEXIS 19351, at *28, n. 15 (N.D. Ohio Feb. 16, 2012) (citing *U.S. Fire Ins. Co. v. Albex Aluminum, Inc.*, 161 Fed. Appx. 562, 564 (6th Cir. 2006) (citing *Grand Trunk Western Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984))).

Here, declaratory judgment: (i) would go some way to resolving the dispute, leaving only the question of whether NOCO is entitled to monetary compensation for Topdon's infringement; (ii) would help resolve the crux of the dispute between the parties; (iii) is not advanced as a tool for procedural fencing and there is no race for res judicata, with no other litigation pending or planned to NOCO's knowledge; (iv) does not implicate jurisdictional issues whatsoever; and (v) affords NOCO an alternative remedy – a proactive declaration that Topdon may not use the '985 Patent or Copyrighted Image.

Additionally, even to the extent the claim is deemed duplicative, such pleading is permitted under both state and federal precedent. Thus, even if the declaratory judgment claim stemmed from the same facts and sought the same damages as NOCO's copyright and patent claims, it should not be dismissed at this preliminary stage. Such a dismissal would not be in line with clear state and federal procedural rules on alternative pleading. Fed. R. Civ. P. 57 ("The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."); Civ.R. 8(A) ("Relief in the

18

alternative or of several different types may be demanded"); Civ. R. 8(E) ("A party may set forth two or more statements of a claim alternatively or hypothetically, either in one count or defense or in separate counts or defenses"); *Cristino v. Adm'r, 10th Dist. Franklin*, 2012-Ohio-4420, ¶ 26 (noting that "alternative pleading is permissible,"  that "a party is not barred from seeking alternative theories," and that "mere presence of both claims in a complaint" does not warrant dismissal of either claim on a Civ.R. 12(B)(6) motion.); *See also Price v. Gulfport Energy Corp.*, 2020 U.S. Dist. LEXIS 165347 at *7 (S.D. Ohio Sept. 10, 2020) (refusing to dismiss a fraud claim as duplicative to a breach of contract claim); *Cunningham Prop. Mgmt. Trust v. Ascent Res. - Utica, LLC*, 351 F. Supp. 3d 1056, 1066-67 (S.D. Ohio Nov. 16, 2018) (same, noting dismissal prior to discovery would be "premature"); *Miken Constr. Co. v. Safeguard Props. Mgmt., LLC*, 2020 U.S. Dist. LEXIS 158990 at *6 (N.D. Ohio Sep. 1, 2020) (permitting both breach of contract and unjust enrichment to survive past the Rule 12(B)(6) stage).

Accordingly, there is no legitimate basis to dismiss NOCO's declaratory judgment claim and the Motion should be denied.

## IV.    <u>CONCLUSION</u>

For all the reasons outlined herein, NOCO's claims are meritorious and properly pled. Topdon has identified no legitimate basis for the dismissal of any of NOCO's claims. As such, the Motion should be denied. Further, to the extent that any technical aspect of the Complaint may be deemed deficient, NOCO requests leave for an amendment to ensure that these issues are decided on their merits. *See, e.g.* Fed. R. Civ. P. 15(a)(2) (providing that such leave should be "freely given"); *Vasu v. Combi Packaging Sys. LLC*, No. 5:18-cv-1889, 2020 U.S. Dist. LEXIS 91168, at *19 n.7 (N.D. Ohio May 25, 2020)

19

(quoting *In re Wal-Mart ATM Fee Notice Litig.*, MDL No. 2:11-md-2234-JPM, 2013 U.S. Dist. LEXIS 98968, at *2 (W.D. Tenn. July 16, 2013) (citing *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983))) ("[C]ourts prefer to decide cases on the merits whenever possible.").

Respectfully Submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
DEREK P. HARTMAN (0087869)
ALEXANDER M. WELSH (0096880)
ANNA E. BULLOCK (0100008)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; dph@kjk.com;
amw@kjk.com; aeb@kjk.com

*Counsel for Plaintiff The NOCO Company*

20

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via the Court's electronic docketing system on this 24th day of November 2021 as indicated below:

Michael N. Ungar
Halden R. Schwallie
Ulmer & Berne, LLP.
Skylight Office Tower, Suite 1100
1660 West Second Street
Cleveland, OH 44113
mungar@ulmer.com
hschwallie@ulmer.com

*Attorneys for Defendants Shenzhen Dingjiang Technology Co., ltd. d/b/a Topdon and USA Topdon LLC d/b/a Topdon*

Richard S. Mandel
Joelle A. Milov
Cowan, Leibowitz & Latman, P.C.
114 West 47th Street, 21st Floor
New York, NY 10036-1525
rsm@cll.com
jam@cll.com

*Attorneys for Defendants Shenzhen Dingjiang Technology Co., ltd. d/b/a Topdon and USA Topdon LLC d/b/a Topdon*

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)

21