IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY,** | ) | CASE NO. 1:21-cv-1483 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| v. | ) | |
| | ) | |
| **SHENZHEN DINGJIANG** | ) | **OPINION & ORDER** |
| **TECHNOLOGY CO., LTD. D/B/A** | ) | |
| **TOPDON,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | | |

On October 18, 2021, defendants, Shenzhen Dingjiang Technology Co., Ltd. d/b/a Topdon's and USA Topdon LLC d/b/a Topdon's ("defendants"), filed a motion to dismiss pursuant to Fed. R. Civ. P. 12. ECF Doc. 13. Plaintiff, the NOCO Company ("plaintiff") filed an opposition (ECF Doc. 16) and defendants filed a reply. ECF Doc. 17. Defendants' motion to dismiss is DENIED, in part, and GRANTED, in part. The Court DENIES defendants' motion to dismiss as to Counts One, Two, Four and Five, and GRANTS defendants' motion to dismiss as to Count Three, as further explained below.

**I.    Background**

Plaintiff is an Ohio corporation that designs, produces and sells battery chargers, jump starters, related products and accessories for motor vehicles. ECF Doc. 1 at ¶ 2. Plaintiff also creates images, designs and displays to market its products. ECF Doc. 1 at ¶¶ 18-20, 22-25. Plaintiff claims one of defendants' marketing photographs infringed plaintiff's federally registered copyright "Boost in Hand" with registration number VAu001314169, and its United States Design Patent entitled "Combination Jump Starter and Display," with number D867,985

1

("'985 Patent") issued on November 26, 1999. *Id.* Plaintiff's patent and copyright images, along with the allegedly offending display, are shown in both parties' filings. *See e.g.* ECF Doc. 1 at 4-7.

In an attempt to protect its intellectual property rights, plaintiff has filed more than 300 of these lawsuits in the Northern District of Ohio in the past few years.[1] In fact, this is the second case plaintiffs have filed against these specific defendants in 2021.[2] Most of plaintiff's lawsuits have resulted in default judgments, so the merits of its claims are not fully tested.

Plaintiff filed the instant lawsuit on July 30, 2021. ECF Doc. 1. Plaintiff's complaint contains five counts: Count One for declaratory judgment/injunctive relief; Count Two for violation of Ohio Deceptive Trade Practices statute, Ohio Rev. Code § 4165.02; Count Three for unfair competition; Count Four for copyright infringement; and Count Five for patent infringement. Defendants have moved to dismiss all of plaintiff's claims. ECF Doc. 13.

Defendants filed their motion to dismiss on October 18, 2021. ECF Doc. 13. On November 24, 2021, plaintiff filed a brief in opposition (ECF Doc. 16) and defendants filed a reply on December 13, 2021. ECF Doc. 17. The Court has considered all of the parties' arguments prior to issuing this order.

**II.     Standard of Review**

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a

---

[1] A search of the district's docket shows that Noco Company has filed at least 326 cases to date.
[2] *See Noco Company v. Shenzhen Dingjiang Technology Co., Ltd.* 1:20-cv-1954.

motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plausibility standard "asks for more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints alleging "naked assertion[s]" devoid of "further factual enhancement" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557. In addition, simply reciting the elements of a cause of action or legal conclusions will not suffice. *Iqbal*, 556 U.S. at 678.

### III. Law & Analysis

#### A. Copyright Infringement

Count Four[3] of plaintiff's complaint states a claim for copyright infringement. To state a claim of copyright infringement, plaintiff must allege: (1) ownership of a valid copyright, and (2) "copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 113 L. Ed. 2d 358, 111 S. Ct. 1282 (1991). Defendants do not dispute plaintiff's ownership of a valid copyright. They contend that plaintiff cannot show the second element — "copying" of original elements of the work.

In *Kohus v. Mariol,* 328 F.3d 848 (6th Cir. 2003) the Sixth Circuit articulated a two-part test for determining the "copying" element of a copyright infringement claim. "The first step 'requires identifying which aspects of the artist's work, if any, are proctectable by copyright'; the second 'involves determining whether the allegedly infringing work is substantially similar to proctectable elements of the artist's work.'" *Id*. at 855 (citations omitted).

The first step in the *Kohus* inquiry — filtering out the unoriginal, and therefore unprotected, elements of plaintiff's copyrighted image, *Id.* at 853, is consistent with the United

---

[3] For ease of analysis, the Court has addressed plaintiff's counts out of the chronological order of the complaint.

States Supreme Court's holding in *Feist*, that the "sine qua non of copyright is originality." The originality requirement is usually not a difficult hurdle to surmount. As the *Feist* Court held, "original, as the term is used in copyright, means only that the work was independently created by the author … and that it possesses at least some minimal degree of creativity." *Id.*

Defendants contend that plaintiff does not own the *idea* of holding a jump starter in a hand, "particularly when the purpose of showing the jump starter in an individual's hand is to indicate to consumers the size of the device and that it is capable of being handheld." ECF Doc. 13 at 26. Rather, defendants contend that plaintiff's copyright protects only its *particular expression* of the idea of holding a jump starter in a hand. Defendants argue that *their* expression of this idea is significantly different than plaintiff's.

The Court is mindful that the threshold for establishing the originality of an image is not high. At this stage, plaintiff need only allege that the image was independently created and that it possesses a minimal degree of creativity. *Kohus v. Mariol*, 328 F.3d 848, 853-54 (6th Cir. 2003). The required creativity is small; "even a slight amount will suffice." *Feist*, 499 U.S. at 345. However, even assuming that plaintiff's image is original, it must still show that defendants copied its work. Where, as here, there is no direct evidence of copying, a plaintiff may establish "an inference of copying by showing (1) access to the allegedly-infringed work by the defendant(s) and (2) a substantial similarity between the two works at issue." *Kohus,* 328 F.3d at 853-54. "Substantial similarity exists where 'the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value.'" *Stromback v. New Line Cinema*, 384 F.3d 283, 297 (6th Cir. 2004), quoting *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1288 (10th Cir. 1996).

4

Plaintiff contends that all "photographs are generally viewed as creative aesthetic expressions of a scene or image and have long received thick copyright protection." See ECF Doc. 16 at 15. But that is not always true. The Ninth Circuit recently upheld the dismissal of a copyright infringement case based on a photograph of Michael Jordan holding a distinct pose. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111 (9th Cir. 2018). The *Rentmeester* Court held that a photographer could not copyright the pose itself and thereby prevent others from photographing a person in the same pose. He was entitled to protection only for the way the pose was expressed in his photograph.

The *Rentmeester* Court also reasoned that copyrighted photographs were entitled to thin protection when the range of creative choices in producing the work was narrow. *Rentmeester,* 883 F.3d , 1120-1121; citing *Mattel, Inc. v. MGA Entm't, Inc.,* 616 F.3d 904, 913-14 (9th Cir. 2010). For example, the *Mattel* Court noted that "there are only so many ways to paint a red bouncy ball on blank canvas." *Id*. at 914. In contrast, the Court stated that there were "gazillions of ways to make an aliens-attack movie," a work that would be entitled to "broad" protection given the much wider range of creative choices available in producing it. *Id*. at 913-14. The Court reasoned, when only a narrow range of expression is possible, copyright protection is thin because the copyrighted work will contain few protectable features.

This Court agrees that some photographs are entitled to only thin protection because the range of creative choices available in selecting and arranging the photo's elements is quite limited. Such was the case in *Ets-Hokin v. Skyy Spirits, Inc*., 323 F.3d 763 (9th Cir. 2003), where the court held that the plaintiff's commercial product shots of a vodka bottle were entitled to only thin protection. Given the constraints imposed by the subject matter and conventions of commercial product shots, there were relatively few creative choices a photographer could make

5

in producing acceptable images of the bottle. As a result, subtle differences in lighting, camera angle, and background were sufficient to render the defendant's otherwise similar-looking photos of the same bottle noninfringing. *Id*. at 766.

Here, it is questionable whether plaintiff should be permitted to copyright the idea of a hand-held battery being held in a hand. As with a red bouncy ball and a vodka bottle, there are relatively few ways that a hand-held device can be displayed. Moreover, when the Court examines the elements of originality of the photographs such as the posing of subjects, lighting, angle, and evoking certain desired expression, as well as other variants, the Court does discern slight differences between the images in plaintiff's and defendants' displays. *See Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir. 1992); *Kaplan v. The Stock Market Photo Agency*, 133 F. Supp. 2d 317 (S.D.N.Y. 2001). The main similarity between the two images is that both contain a hand-held battery being held by a hand – an image which is arguably subject to thin protection.

The Court is mindful that this case is in its preliminary stages and before the Court on a 12(b)(6) motion to dismiss. The Court is also aware that, at this stage, even a slight amount of creativity precludes dismissal of plaintiff's copyright infringement claim. For these reasons, the Court denies defendants' motion to dismiss plaintiff's copyright infringement claim (Count Four). Plaintiff's claims appears to be very weak, but plaintiff has properly alleged a copyright infringement claim.

**B. Patent Infringement**

In Count Five, plaintiff alleges defendants are liable for direct infringement of plaintiff's '985 Design Patent. To survive a 12(b)(6) motion in the context of a patent infringement claim, a plaintiff must allege only facts sufficient to place "a potential infringer ... on notice of what activity or device is being accused of infringement." *K-Tech Telecomms., Inc. v. Time Warner*

*Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also Golden v. Apple Inc.*, 819 F. App'x 930, 930-31 (Fed. Cir. 2020) (Patent infringement claims "are subject to the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).").

To plead a design patent infringement, plaintiff must: "(1) allege ownership of the asserted patent; (2) name each defendant; (3) cite the patent that is allegedly infringed; (4) describe the means by which the defendant allegedly infringes; and (5) point to the specific sections of the patent law invoked." *Gold Crest, LLC v. Project Light, LLC*, 525 F. Supp. 3d 826, 836 (N.D. Ohio 2021), citing *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013).

> Count Five of plaintiff's complaint contains the following allegations:
>
> 55. NOCO is the owner of the '985 Patent.
>
> 56. NOCO's Patent is valid and subsisting.
>
> 57. TOPDON has been, and is, infringing the '985 Patent by making the accused display, in violation of 35 U.S.C. §271(a).
>
> 58. TOPDON's infringement has been, and continues to be, knowing, intentional, and willful. This case is exceptional and, therefore, NOCO is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.
>
> 59. TOPDON's infringement has caused and will continue to cause NOCO damages for which NOCO is entitled to a reasonable royalty pursuant to 35 U.S.C. § 284 or TOPDON's profits pursuant to 35 U.S.C. §289.
>
> 60. TOPDON's acts of infringement of the '985 Patent has caused and will continue to cause NOCO immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. NOCO has no adequate remedy at law.

ECF Doc. 1 at 10.

Having plausibly alleged the display and means by which defendants directly infringed the '985 Patent, plaintiff also alleged that "[a]n ordinary observer or purchaser would find the overall design of the '985 Patent and the TOPDON TORDNADO1200 Jump Starter Display to be substantially similar and mistakenly purchase the TOPDON TORDNADO1200 Jump Starter." ECF Doc. 1 at 7, ¶29.

The test for direct design patent infringement is the ordinary observer test. A design patent is infringed where the accused product is "substantially the same" as the patented product and the resemblance is such that the ordinary observer would be induced into purchasing the accused product believing it to be the patent owner's product. *Hall*, 705 F.3d at 1363; *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 672 (Fed. Cir. 2008) (test for design patent infringement is the ordinary observer test) (citing *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528, 20 L. Ed. 731 (1871)) ("[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."). The ordinary observer test is applied to the patented design in its entirety, and minor differences between the patented design and the accused product do not prevent the Court from recognizing that plaintiff has *plausibly* alleged direct infringement. *Crocs, Inc. v. ITC*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (citations omitted); *see also Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1243 (Fed. Cir. 2009) (the ordinary observer test requires consideration of the design as a whole) (citing among authority *Egyptian Goddess*, 543 F.3d at 675).

To prevail on their motion to dismiss, defendants must show that, when the facts alleged in plaintiff's complaint are accepted as true, it is not plausible that an ordinary observer would

8

likely find the design patent substantially similar to the defendants' display. *See Ford Glob. Techs., LLC v. New World Int'l Inc.*, No. 2:15-cv-10394, 2016 U.S. Dist. LEXIS 78384, 2016 WL 3349041, at *10 (E.D. Mich. June 16, 2016). "It is not enough to show that an ordinary observer would likely find the accused parts materially dissimilar from the patented designs. Rather, at the pleading stage, it is Defendants' burden to show that the converse is not even plausible." *Id.* (citing *Iqbal*, 556 U.S. at 678).

While it remains to be seen whether the issues involved in the patent infringement determination will foreclose a finding of infringement, these issues are more properly addressed on a full record at later stages of this case. At the 12(b)(6) stage, the Court simply recognizes that the patented design and defendants' jump starter are somewhat similar from a high-level design standpoint. Accordingly, plaintiff has plausibly alleged infringement of its '985 Patent. *See Magnolia & Vine Inc. v. Tapestry, Inc.*, No. 17-cv-4382 (JNE/DTS), 2018 U.S. Dist. LEXIS 80772 at *10 (D. Minn. May 14, 2018) (denying Rule 12(b)(6) motion where the "differences between the asserted design patents and the accused products are not so great as to allow for dismissal * * * at this stage of the litigation"). And defendants would need to show that it is *not* plausible that an ordinary observer would find the accused display similar to the patented design. Defendants have failed to do so and defendants' motion to dismiss plaintiff's design patent claim (Count Five) is denied.

**C. Ohio Deceptive Trade Practices, Ohio Rev. Code § 4165.02**

In Count Two, plaintiff asserts a claim under Ohio's Deceptive Trade Practices statute, Ohio Rev. Code § 4165.02. Plaintiff also cites 15 U.S.C. § 1125(c) in the paragraphs of this claim. Plaintiff contends that Count Two is cognizable under Ohio Rev. Code § 4165.02 (A)(1)-(A)(3). ECF Doc. 16 at 16. These sections identify the following deceptive trade practices:

9

   (1) Passes off goods or services as those of another;

   (2) Causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

   (3) Causes likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

Ohio Rev. Code § 4165.02.

Arguably, plaintiff has alleged the elements of this claim. In paragraph 29 of the complaint, plaintiff alleges that an ordinary observer would mistakenly purchase defendants' products because of the similarity to plaintiff's. ECF Doc. 1 at 7. For purposes of review under Fed. R. Civ. P. 12(b)(6), the Court finds that, if plaintiff's allegations are accepted as true, its claim for deceptive trade practices may proceed. However, as with plaintiff's other claims, the plaintiff's ability to prove this claim is questionable.

   **D. Unfair Competition**

Count Three of plaintiff's complaint attempts to state a claim for unfair competition. Specifically, plaintiff alleges:

   41. TOPDON unfairly competes with NOCO through its authorized use of the Intellectual Property.

   42. TOPDON's actions have damaged NOCO in the form of, inter alia, lost sales, harm to reputation, and tarnishment.

   43. As a direct and proximate cause of TOPDON's conduct, NOCO has suffered and will continue to suffer damages in an amount to be proven at trial.

ECF Doc. 1 at 9.

In its memorandum in opposition, plaintiff argues that Count Three is a "common law unfair competition claim." ECF Doc. 16 at 16. Plaintiff contends that Ohio's common law unfair competition claim consists in "the simulation for purpose of deceiving the public, of the name, symbols or devices employed by a business rival … thus falsely indicating the purchase of

10

his wares and thereby obtaining for himself the benefits properly belonging to his competitor." ECF Doc. 16 at 16, citing *Deems v. Eco Water Sys.* 9th Dist. No. 2013-02-1202, 2014 Ohio Misc. LEXIS 26805, *19 (Dec. 8, 2014). But plaintiff's complaint does not explicitly allege that defendants are "deceiving" the public or "falsely advertising" their own products. Rather, plaintiff argues that defendants are unauthorized to advertise their product in a manner similar to plaintiff's protected images. *See, e.g.* ECF Doc. 1 at ¶ 38. It does not appear that plaintiff has even alleged the necessary elements it cites in its brief as required for an unfair competition claim under Ohio law.

Plaintiff criticizes defendants for arguing that plaintiff has asserted a trade dress claim in Count Two and or Three of the complaint. But the ambiguity of plaintiff's Count Three has also left the Court unsure of the exact nature of this claim. Such a claim *is* appropriately dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993). (A claim must contain either direct or inferential allegations with respect to all of the material elements necessary to sustain recovery under some viable legal theory.) Because plaintiff has failed to adequately allege the elements of its Count Three claim, the Court grants defendants' motion to dismiss Count Three of plaintiff's complaint.

### E. Declaratory Judgment/Injunctive Relief

Finally, in Count One, plaintiff seeks declaratory judgment or injunctive relief for the alleged copyright and patent infringement outlined in the remainder of its complaint. Because the Court has not dismissed all of plaintiff's claims, there is still some basis upon which it might seek this relief. *See Sandlin v. Citibank, N.A.,* No. 15-2768-JTF-dkv, 2016 U.S. Dist. LEXIS 108636 at *11 (W.D. Tenn. July 21, 2016). Defendant's motion to dismiss plaintiff's Count One

is premature. For this reason, the Court denies defendant's motion to dismiss Count One of plaintiff's complaint.

## IV. Conclusion

For the reasons stated herein, defendants' motion to dismiss (ECF Doc. 13) is DENIED, in part, and GRANTED, in part. The Court DENIES defendants' motion to dismiss as to Counts One, Two, Four and Five, and GRANTS defendants' motion to dismiss as to Count Three. The Court is concerned about plaintiff's flooding the district's docket with infringement cases, particularly with a case such as this, which appears to be very weak. However, for purposes of deciding a Fed. R. Civ. P. 12(b)(6) motion, the Court finds that plaintiff has alleged facts sufficient to proceed on its claims for copyright infringement, patent infringement and Ohio Deceptive Trade Practices violations.


Dated: January 7, 2022                    *s/Dan Aaron Polster*
                                          United States District Judge