IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **THE NOCO COMPANY** ) | |
| ) | |
| Plaintiff, ) | CASE NO: 1:21-cv-01483-DAP |
| v. ) | |
| ) | JUDGE: Dan Aaron Polster |
| **SHENZHEN DINGJIANG TECHNOLOGY** ) | |
| **CO., LTD. D/B/A TOPDON** ) | |
| ) | |
| AND ) | |
| ) | |
| **USA TOPDON LLC D/B/A TOPDON** ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND COUNTERCLAIM OF DEFENDANTS SHENZHEN DINGJIANG TECHNOLOGY CO., LTD. AND USA TOPDON LLC**

Defendants Shenzhen Dingjiang Technology Co., Ltd. d/b/a Topdon ("Topdon") and USA Topdon LLC d/b/a Topdon ("Topdon USA") (collectively, "Defendants"), as and for their answer to the Complaint, allege as follows:

1.  Deny the allegations contained in paragraph 1 of the Complaint.

2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.  Admit the allegations contained in paragraph 3 of the Complaint.

4.  Deny the allegations contained in paragraph 4 of the Complaint, except admit that Topdon USA is Delaware limited liability company engaged in the sale of battery chargers and jump starters under the brand name TOPDON.

5.  Deny the allegations contained in paragraph 5 of the Complaint.

1

6. Deny the allegations contained in paragraph 6 of the Complaint, except admit that Topdon USA is a wholly owned subsidiary of Topdon.

7. Deny the allegations contained in paragraph 7 of the Complaint, except admit that Topdon and Topdon USA work together to sell products.

8. Admit the allegations contained in paragraph 8 of the Complaint.

9. Admit the allegations contained in paragraph 9 of the Complaint.

10. Admit the allegations contained in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint, except admit that Topdon has shipped fewer than 50 units of the products at issue into Ohio through the platform it operates on Amazon.com during the time it was using the photo at issue.

14. Deny the allegations contained in paragraph 14 of the Complaint, except admit that Plaintiff purports to assert claims for infringement arising out of the sale of fewer than 50 units of products shipped into Ohio through Topdon's platform on Amazon.com during the time it was using the photo at issue.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except admit that Plaintiff purports to bring a claim based on the cited copyright registration.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint, except admit that Topdon created and used the image pictured in figure 2 and the right side of figure 3 in paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, except expressly deny that Topdon has infringed the '985 Patent.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint, except admit that Topdon has used the image shown on the right side of figure 4 in paragraph 28 of the Complaint as an advertisement on the Internet.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants repeat and reallege their responses to paragraphs 1-30 above with the same force and effect as if set forth fully herein.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants repeat and reallege their responses to paragraphs 1-34 above with the same force and effect as if set forth fully herein.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. No response is required with respect to paragraph 40 of the Complaint in view of the Court's dismissal of Count Three.

41. No response is required with respect to paragraph 41 of the Complaint in view of the Court's dismissal of Count Three.

42. No response is required with respect to paragraph 42 of the Complaint in view of the Court's dismissal of Count Three.

43. No response is required with respect to paragraph 43 of the Complaint in view of the Court's dismissal of Count Three.

44. Defendants repeat and reallege their responses to paragraphs 1-43 with the same force and effect as if set forth fully herein.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint insofar as they relate to Autogen, but expressly deny that Topdon has committed any infringement.

50. Deny the allegations contained in paragraph 50 of the Complaint.

51. Deny the allegations contained in paragraph 51 of the Complaint.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants repeat and reallege their response to paragraphs 1-53 of the Complaint with the same force and effect as if set forth fully herein.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57. Deny the allegations contained in paragraph 57 of the Complaint.

58. Deny the allegations contained in paragraph 58 of the Complaint.

59. Deny the allegations contained in paragraph 59 of the Complaint.

60. Deny the allegations contained in paragraph 60 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

61. The single design claim in the '985 Patent is invalid because it fails to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### SECOND DEFENSE

62. Plaintiff has failed to allege any protectable trade dress or trademark rights that could give rise to a violation of the Ohio Deceptive Trade Practices statute, and Plaintiff does not own any valid trade dress or trademark rights in the look of its alleged display involving a hand holding a jump starter.

### THIRD DEFENSE

63. Count Two of the Complaint is preempted by the Copyright Act and federal patent law.

### FOURTH DEFENSE

64. The Court should exercise its discretion to decline jurisdiction over Count One of the Complaint because a declaratory judgment will not resolve any ongoing existing controversy in light of Topdon's discontinued use of the image at issue.

### FIFTH DEFENSE

65. Plaintiff has not suffered any damages attributable to Topdon's use of the image at issue.

## SIXTH DEFENSE

66. Any infringement that may have been committed by Topdon was innocent and Topdon has acted in good faith.

## SEVENTH DEFENSE

67. Plaintiff's claims are barred in whole or part by the unclean hands doctrine as Plaintiff is improperly seeking to stifle competition by asserting overly broad intellectual property claims that are not legitimately aimed at enforcing any valid rights.

## COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaim Plaintiffs Shenzhen Dingjiang Technology Co., Ltd. d/b/a Topdon ("Topdon China") and USA Topdon LLC d/b/a Topdon ("Topdon USA" and with Topdon China, "Topdon"), by their attorneys, as and for their Counterclaim against Noco, allege as follows:

## PARTIES

1. Topdon China is a Chinese limited liability company engaged in the sale of battery chargers and jump starters under the brand name TOPDON.

2. Topdon USA is Delaware limited liability company engaged in the sale of battery chargers and jump starters under the brand name TOPDON.

3. Noco is an Ohio corporation engaged in the sale of battery chargers and other battery-related products and accessories.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the Counterclaim pursuant to 28 U.S.C. § 1331 and 1338.

32287/001/3990505.1

5. The Court additionally has jurisdiction over the Counterclaim pursuant to Fed. R. Civ. P. 13(a) inasmuch as the Counterclaim arises out of the same transaction or occurrence that is the subject of Noco's Complaint and is so related to those claims as to form a part of the same case or controversy.

6. Noco has consented to the exercise of personal jurisdiction over it by filing its claim in this Court.

7. Venue over Topdon's Counterclaim is properly laid in the Northern District of Ohio because the Counterclaim arises out of the same events, acts, and omissions as the main claims asserted by Noco in this action.

## **CLAIM FOR RELIEF**
(*Invalidity of the '985 Patent*)

8. The single design claim in the '985 Patent is invalid because it fails to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112

9. More specifically, and without limitation, upon information and belief, the '985 Patent is invalid in light of the combination of prior art identified in U.S. Patent No. D746,770, which shows the jump starter product from the '985 Patent, in combination with multiple prior art hand images gripping a product.

10. Further, the single design claim in the '985 Patent is invalid for failure to satisfy the definiteness requirements of 35 U.S.C. § 112.

32287/001/3990505.1

WHEREFORE Defendants respectfully request that the Court issue an order granting the following relief:

A. Dismissing the Complaint its entirety with prejudice.

B. Declaring that the '985 Patent is invalid.

C. Ordering that, to the extent permitted by law or statute, Topdon recover its reasonable costs, including attorneys' fees.

D. Ordering that Topdon be granted such other and further relief as it deems just and proper.

## JURY DEMAND

Topdon demands a trial by jury on all issues so triable.

Dated: February 22, 2022                    Respectfully submitted,

*s/Halden R. Schwallie*
Michael N. Ungar (0016989)
Halden R. Schwallie (0093665)
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
Phone: (216) 583-7000
Facsimile: (216) 583-7001
E-mail: mungar@ulmer.com
Email: hschwallie@ulmer.com

Richard S. Mandel, Esq. (admitted pro hac vice)
Joelle A. Milov (admitted pro hac vice)
COWAN, LIEBOWTIZ & LATMAN, P.C.
114 West 47th Street
New York, New York 10036
Phone: (212) 790-9200
Facsimile: (212) 575-0671
Email: rsm@cll.com
Email: jam@cll.com

*Attorneys for Defendants Shenzhen Dingjian Technology Co., Ltd. and USA Topdon LLC*