IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY** | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO: 1:21-cv-01483-DAP |
| v. | ) | |
| | ) | JUDGE: Dan Aaron Polster |
| **SHENZHEN DINGJIANG TECHNOLOGY CO., LTD. D/B/A TOPDON** | ) ) ) | |
| AND | ) ) | |
| **USA TOPDON LLC D/B/A TOPDON** | ) ) ) | |
| Defendants. | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM OF DEFENDANTS SHENZHEN
DINGJIANG TECHNOLOGY CO., LTD. AND USA TOPDON LLC**

Defendants Shenzhen Dingjiang Technology Co., Ltd. d/b/a Topdon ("Topdon") and USA Topdon LLC d/b/a Topdon ("Topdon USA") (collectively, "Defendants"), as and for their answer to the First Amended Complaint, alleges as follows:

1. Deny the allegations contained in paragraph 1 of the First Amended Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the First Amended Complaint.

3. Admit the allegations contained in paragraph 3 of the First Amended Complaint.

4. Deny the allegations contained in paragraph 4 of the First Amended Complaint, except admit that Topdon USA is Delaware limited liability company engaged in the sale of battery chargers and jump starters under the brand name TOPDON.

1

5. Deny the allegations contained in paragraph 5 of the First Amended Complaint.

6. Deny the allegations contained in paragraph 6 of the First Amended Complaint, except admit that Topdon USA is a wholly owned subsidiary of Topdon.

7. Deny the allegations contained in paragraph 7 of the First Amended Complaint, except admit that Topdon and Topdon USA work together to sell products.

8. Admit the allegations contained in paragraph 8 of the First Amended Complaint.

9. Admit the allegations contained in paragraph 9 of the First Amended Complaint.

10. Admit the allegations contained in paragraph 10 of the First Amended Complaint.

11. Deny the allegations contained in paragraph 11 of the First Amended Complaint.

12. Deny the allegations contained in paragraph 12 of the First Amended Complaint.

13. Deny the allegations contained in paragraph 13 of the First Amended Complaint, except admit that Topdon has made limited shipments of the referenced products into Ohio through the platform it operates on Amazon.com during the relevant time frame.

14. Deny the allegations contained in paragraph 14 of the First Amended Complaint, except admit that Plaintiff purports to assert claims for infringement arising out of limited sales of certain products shipped into Ohio through Topdon's platform on Amazon.com during the relevant time frame.

15. Deny the allegations contained in paragraph 15 of the First Amended Complaint.

16. Deny the allegations contained in paragraph 16 of the First Amended Complaint.

17. Deny the allegations contained in paragraph 17 of the First Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the First Amended Complaint.

32287/001/4132601

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the First Amended Complaint, except admit that Plaintiff purports to bring a claim based on the cited copyright registration.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the First Amended Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the First Amended Complaint.

22. Deny the allegations contained in paragraph 22 of the First Amended Complaint, except admit that Topdon created and used the image pictured in figure 2 and the right side of figure 3 in paragraph 22 of the First Amended Complaint.

23. Deny the allegations contained in paragraph 23 of the First Amended Complaint.

24. Deny the allegations contained in paragraph 24 of the First Amended Complaint.

25. Deny the allegations contained in paragraph 25 of the First Amended Complaint.

26. Deny the allegations contained in paragraph 26 of the First Amended Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the First Amended Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the First Amended Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the First Amended Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the First Amended Complaint.

32287/001/4132601

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the First Amended Complaint, except expressly deny that Topdon has infringed the '985 Patent.

32. Deny the allegations contained in paragraph 32 of the First Amended Complaint.

33. Deny the allegations contained in paragraph 33 of the First Amended Complaint, except admit that Topdon has used the image shown on the right side of figure 6 in paragraph 33 of the First Amended Complaint as an advertisement on the Internet.

34. Deny the allegations contained in paragraph 34 of the First Amended Complaint.

35. Deny the allegations contained in paragraph 35 of the First Amended Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the First Amended Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the First Amended Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the First Amended Complaint.

39. Deny the allegations contained in paragraph 39 of the First Amended Complaint.

40. Deny the allegations contained in paragraph 40 of the First Amended Complaint, except admit that Topdon has lawfully used the term "Force Mode" descriptively as shown in Figure 8 in paragraph 40 of the First Amended Complaint.

41. Deny the allegations contained in paragraph 41 of the First Amended Complaint, except admit that Topdon did not have, nor did it require, Noco's permission, authorization, license or consent to make descriptive use of the term "Force Mode."

42. Deny the allegations contained in paragraph 42 of the First Amended Complaint, except admit that Noco is not associated with nor exercises control over Topdon.

43. Deny the allegations contained in paragraph 43 of the First Amended Complaint, except admit that there has been prior litigation between Noco and Todpon concerning other intellectual property not at issue in this case and that any such claims asserted in case 1:20-cv-01954 were resolved and have no bearing on the present case.

44. Deny the allegations contained in paragraph 44 of the First Amended Complaint.

45. Deny the allegations contained in paragraph 45 of the First Amended Complaint.

46. Deny the allegations contained in paragraph 46 of the First Amended Complaint.

47. Deny the allegations contained in paragraph 47 of the First Amended Complaint.

48. Deny the allegations contained in paragraph 48 of the First Amended Complaint.

49. Deny the allegations contained in paragraph 49 of the First Amended Complaint.

50. Deny the allegations contained in paragraph 50 of the First Amended Complaint, except admit that Topdon has used the advertisements shown on the right side of figures 9 and 10 in paragraph 50 of the First Amended Complaint.

51. Deny the allegations contained in paragraph 51 of the First Amended Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the First Amended Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the First Amended Complaint.

54. Deny the allegations contained in paragraph 54 of the First Amended Complaint, except admit that Topdon has used the marketing shown on the right side of figure 11 in paragraph 54 of the First Amended Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the First Amended Complaint.

56. Deny the allegations contained in paragraph 56 of the First Amended Complaint, except admit that Topdon lawfully uses the term "Boost," which term has been disclaimed by Noco in its NOCO BOOST trademark registration, in a descriptive manner as shown in figure 13 in paragraph 56 of the First Amended Complaint.

57. Deny the allegations contained in paragraph 57, except admit that Topdon lawfully uses the term "Boost," which term has been disclaimed by Noco in its NOCO BOOST trademark registration, in a descriptive manner.

58. Deny the allegations contained in paragraph 58 of the First Amended Complaint.

59. Deny the allegations contained in paragraph 59 of the First Amended Complaint.

60. Deny the allegations contained in paragraph 60 of the First Amended Complaint.

61. Defendants repeat and reallege their responses to paragraphs 1-60 above with the same force and effect as if set forth fully herein.

62. Deny the allegations contained in paragraph 62 of the First Amended Complaint.

63. Deny the allegations contained in paragraph 63 of the First Amended Complaint.

64. Deny the allegations contained in paragraph 64 of the First Amended Complaint.

65. Deny the allegations contained in paragraph 65 of the First Amended Complaint.

66. Deny the allegations contained in paragraph 66 of the First Amended Complaint.

67. Defendants repeat and reallege their responses to paragraphs 1-66 above with the same force and effect as if set forth fully herein.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the First Amended Complaint.

32287/001/4132601

69. Deny the allegations contained in paragraph 69 of the First Amended Complaint.

70. Deny the allegations contained in paragraph 70 of the First Amended Complaint.

71. Deny the allegations contained in paragraph 71 of the First Amended Complaint, except admit that Topdon did not have, nor require, the approval, sponsorship, affiliation, connection or association by or with Noco.

72. Deny the allegations contained in paragraph 72 of the First Amended Complaint.

73. Defendants repeat and reallege their responses to paragraphs 1-72 above with the same force and effect as if set forth fully herein.

74. Deny the allegations contained in paragraph 74 of the First Amended Complaint.

75. Deny the allegations contained in paragraph 75 of the First Amended Complaint.

76. Deny the allegations contained in paragraph 76 of the First Amended Complaint.

77. Deny the allegations contained in paragraph 77 of the First Amended Complaint.

78. Deny the allegations contained in paragraph 78 of the First Amended Complaint.

79. Deny the allegations contained in paragraph 79 of the First Amended Complaint.

80. Defendants repeat and reallege their responses to paragraphs 1-80 above with the same force and effect as if set forth fully herein

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the First Amended Complaint.

82. Deny the allegations contained in paragraph 82 of the First Amended Complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the First Amended Complaint.

84. Deny the allegations contained in paragraph 84 of the First Amended Complaint.

85. Deny the allegations contained in paragraph 85 of the First Amended Complaint.

32287/001/4132601

86. Deny the allegations contained in paragraph 86 of the First Amended Complaint.

87. Deny the allegations contained in paragraph 87 of the First Amended Complaint.

88. Deny the allegations contained in paragraph 88 of the First Amended Complaint.

89. Deny the allegations contained in paragraph 89 of the First Amended Complaint.

90. Defendants repeat and reallege their response to paragraphs 1-89 of the First Amended Complaint with the same force and effect as if set forth fully herein.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the First Amended Complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the First Amended Complaint.

93. Deny the allegations contained in paragraph 93 of the First Amended Complaint.

94. Deny the allegations contained in paragraph 94 of the First Amended Complaint.

95. Deny the allegations contained in paragraph 95 of the First Amended Complaint.

96. Deny the allegations contained in paragraph 96 of the First Amended Complaint.

97. Defendants repeat and reallege their responses to paragraphs 1-96 above with the same force and effect as if set forth fully herein.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the First Amended Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the First Amended Complaint.

100. Deny the allegations contained in paragraph 100 of the First Amended Complaint.

101. Deny the allegations contained in paragraph 101 of the First Amended Complaint.

102. Deny the allegations contained in paragraph 102 of the First Amended Complaint.

32287/001/4132601

103. Deny the allegations contained in paragraph 103 of the First Amended Complaint, except admit that Noco has claimed that Topdon is infringing Noco's trademarks.

104. Deny the allegations contained in paragraph 104 of the First Amended Complaint.

105. Deny the allegations contained in paragraph 105 of the First Amended Complaint.

106. Deny the allegations contained in paragraph 106 of the First Amended Complaint.

107. Deny the allegations contained in paragraph 107 of the First Amended Complaint.

108. Defendants repeat and reallege their responses to paragraphs 1-107 above with the same force and effect as if set forth fully herein.

109. Deny the allegations contained in paragraph 109 of the First Amended Complaint.

110. Deny the allegations contained in paragraph 110 of the First Amended Complaint.

111. Deny the allegations contained in paragraph 111 of the First Amended Complaint.

112. Deny the allegations contained in paragraph 112 of the First Amended Complaint.

113. Deny the allegations contained in paragraph 113 of the First Amended Complaint.

114. Deny the allegations contained in paragraph 114 of the First Amended Complaint.

115. Deny the allegations contained in paragraph 115 of the First Amended Complaint.

116. Defendants repeat and reallege their responses to paragraphs 1-115 above with the same force and effect as if set forth fully herein.

117. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the First Amended Complaint.

118. Deny the allegations contained in paragraph 118 of the First Amended Complaint.

119. Deny the allegations contained in paragraph 119 of the First Amended Complaint.

120. Deny the allegations contained in paragraph 120 of the First Amended Complaint.

121. Deny the allegations contained in paragraph 121 of the First Amended Complaint.

32287/001/4132601

122. Deny the allegations contained in paragraph 122 of the First Amended Complaint.

123. Deny the allegations contained in paragraph 123 of the First Amended Complaint.

124. Deny the allegations contained in paragraph 124 of the First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

125. The single design claim in the '985 Patent is invalid because it fails to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### SECOND DEFENSE

126. Plaintiff has failed to allege any protectable trade dress or trademark rights that could give rise to a violation of the Ohio Deceptive Trade Practices statute, and Plaintiff does not own any valid trade dress or trademark rights in the look of its alleged display involving a hand holding a jump starter.

### THIRD DEFENSE

127. Counts Two and Three of the First Amended Complaint are preempted by the Copyright Act and federal patent law.

### FOURTH DEFENSE

128. The Court should exercise its discretion to decline jurisdiction over Count One of the Complaint because a declaratory judgment will not resolve any ongoing existing controversy in light of Topdon's discontinued use of the image at issue.

### FIFTH DEFENSE

129. Plaintiff has not suffered any damages attributable to Topdon's use of the image at issue or any of the advertisements at issue.

**SIXTH DEFENSE**

130. The alleged marks and trade dress which Plaintiff seeks to protect lack distinctiveness and thus do not constitute valid trademarks and/or trade dress.

**SEVENTH DEFENSE**

131. The alleged features of Plaintiff's claimed trade dress are functional.

**EIGHTH DEFENSE**

132. Defendants are making a lawful fair use of the terms "Force Mode" and "Boost" under section 33(b)(4) of the Lanham Act, 15 U.S.C. § 1115(b)(4), as they use such terms other than as a mark in good faith only to describe their goods.

**NINTH DEFENSE**

133. Plaintiff does not own a copyright registration protecting its product descriptions, and upon information and belief Plaintiff does not own a valid copyright in such product descriptions or in the "Boost in Hand" image.

**TENTH DEFENSE**

134. Any infringement that may have been committed by Topdon was innocent and Topdon has acted in good faith.

**ELEVENTH DEFENSE**

135. Plaintiff's claims are barred in whole or part by the unclean hands doctrine as Plaintiff is improperly seeking to stifle competition by asserting overly broad intellectual property claims that are not legitimately aimed at enforcing any valid rights.

**TWELFTH DEFENSE**

136. Plaintiff's claims are barred in whole or part by the doctrines of laches, acquiescence and/or estoppel.

## THIRTEENTH DEFENSE

137. Plaintiff's claims are barred in whole or part by the statute of limitations.

## COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaim Plaintiffs Shenzhen Dingjiang Technology Co., Ltd. d/b/a Topdon ("Topdon China") and USA Topdon LLC d/b/a Topdon ("Topdon USA" and with Topdon China, "Topdon"), by their attorneys, as and for their Counterclaim against Noco, allege as follows:

## PARTIES

1. Topdon China is a Chinese limited liability company engaged in the sale of battery chargers and jump starters under the brand name TOPDON.

2. Topdon USA is Delaware limited liability company engaged in the sale of battery chargers and jump starters under the brand name TOPDON.

3. Noco is an Ohio corporation engaged in the sale of battery chargers and other battery-related products and accessories.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the Counterclaim pursuant to 28 U.S.C. § 1331 and 1338.

5. The Court additionally has jurisdiction over the Counterclaim pursuant to Fed. R. Civ. P. 13(a) inasmuch as the Counterclaim arises out of the same transaction or occurrence that is the subject of Noco's Complaint and is so related to those claims as to form a part of the same case or controversy.

6. Noco has consented to the exercise of personal jurisdiction over it by filing its claim in this Court.

7. Venue over Topdon's Counterclaim is properly laid in the Northern District of Ohio because the Counterclaim arises out of the same events, acts, and omissions as the main claims asserted by Noco in this action.

### CLAIM FOR RELIEF
(*Invalidity of the '985 Patent*)

8. The single design claim in the '985 Patent is invalid because it fails to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112

9. More specifically, and without limitation, upon information and belief, the '985 Patent is invalid in light of the combination of prior art identified in U.S. Patent No. D746,770, which shows the jump starter product from the '985 Patent, in combination with multiple prior art hand images gripping a product.

10. Further, the single design claim in the '985 Patent is invalid for failure to satisfy the definiteness requirements of 35 U.S.C. § 112.

WHEREFORE Defendants respectfully request that the Court issue an order granting the following relief:

A. Dismissing the Complaint its entirety with prejudice.

B. Declaring that the '985 Patent is invalid.

C. Ordering that, to the extent permitted by law or statute, Topdon recover its reasonable costs, including attorneys' fees.

D. Ordering that Topdon be granted such other and further relief as it deems just and proper.

### JURY DEMAND

Topdon demands a trial by jury on all issues so triable.

Dated: September 9, 2022

Respectfully submitted,

*s/Richard S. Mandel*
Richard S. Mandel, Esq. (admitted pro hac vice)
Joelle A. Milov (admitted pro hac vice)
COWAN, LIEBOWTIZ & LATMAN, P.C.
114 West 47th Street
New York, New York 10036
Phone: (212) 790-9200
Facsimile: (212) 575-0671
Email: rsm@cll.com
Email: jam@cll.com

Michael N. Ungar (0016989)
Halden R. Schwallie (0093665)
Sara Dorland (0095682)
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
Phone: (216) 583-7000
Facsimile: (216) 583-7001
E-mail: mungar@ulmer.com
Email: hschwallie@ulmer.com
Email: sdorland@ulmer.com

*Attorneys for Defendants Shenzhen Dingjiang Technology Co., Ltd. and USA Topdon LLC*

14